OTTO YOUNG

*v.*

CHARLES H. McCONNELL.

*Filed at Ottawa May 19, 1884.*

1. ERROR WILL NOT ALWAYS REVERSE—*as to giving and refusing instructions*. The refusal of a proper instruction relating to a collateral issue, which, if given, would not probably have induced a different verdict, affords no ground of reversal, as such error works no prejudice.

2. This court will not reverse, in every case of conflict in the evidence, because of some slight error in giving or refusing an instruction. When the evidence clearly sustains the verdict, this court never reverses for error in instructions.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. GOUDY & CHANDLER, for the appellant.

Mr. A. B. JENKS, and Mr. A. S. TRUDE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

We regard it as unnecessary to consider more than one assignment of error in this case, and that is, whether the court below should have given defendant's seventh instruction. It is this:

"If the jury believe, from the evidence, that either the witness McConnell or the witness Clapp has willfully testified falsely as to any material fact, then they may disregard his evidence entirely, except when it is corroborated by other testimony."

It is urged that it is correct, and it was error to refuse it. It related to a collateral and not to the main issue in the

case. The question then arises, whether its refusal was calculated to have injured appellant. If it is not apparent that the jury, had the instruction been given, would have reached a different verdict, or we can see they probably would have done so, we are unable to say the error prejudiced appellant. On examining the evidence, we are unable to believe that the result would have been different had it been given. All persons know, without being instructed, that a person who testifies falsely to a material fact in a case is unworthy of belief. The jury would know that any portion of the evidence which was corroborated should have been considered. The Appellate Court has found the facts, and if they are true as found, (and we must so receive them,) the jury have reached a correct conclusion, independent of the instruction. Had the Appellate Court believed there was doubt as to the facts, or that the witnesses named had not made false statements, the judgment would no doubt have been reversed. We can not consider the weight of the evidence. That is for the jury and the Appellate Court. We are not prepared to adopt a rule that we will reverse in every case of conflict in the evidence because of some slight error in giving or refusing an instruction. When the evidence clearly sustains a verdict, this court never reverses because of error in instructions, and the Appellate Court is doubtless governed by the same rule, as it is required by the law. We can not say that court did not so act in this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*