Cohen v. City of Chicago, 197 Ill. App. 377.

lien, even though he does not superintend the construction of the building, and even though a building of the same identical character is not erected.

---

## Samuel Cohen, Administrator, Appellee, v. City of Chicago, Appellant.

## Gen. No. 21,418.

1. APPEAL AND ERROR, § 219*—*when defendant cannot complain of peremptory instruction in favor of codefendant.* A defendant cannot complain of a peremptory instruction in favor of a codefendant where he did not object to the instruction when given.

2. INSTRUCTIONS, § 20*—*when instruction that jury should take law from court proper.* An instruction that the jury shall take the law from the court and not from counsel is proper in order to counteract the effect of misinformation concerning the law indulged in by counsel in argument.

3. INSTRUCTIONS, § 88*—*when instruction as to preponderance of evidence improper.* Where defendant puts in no evidence, an instruction as to the preponderance of the evidence is improper, as the jury in such case consider the case on the evidence of plaintiff.

4. INSTRUCTIONS, § 85*—*when instruction on evidence improper.* Where the defendant puts in no evidence, an instruction that "if the evidence is equally balanced, they must find for defendant" is properly refused.

5. MUNICIPAL CORPORATIONS, § 1100*—*when instruction on proximate cause erroneous.* In an action against a city and a railroad company to recover for the death of plaintiff's intestate, where it was alleged that a horse which deceased was driving at the time of the accident was frightened by the blowing of defendant railroad

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

company's locomotive whistle and bolted, causing the wheel of the wagon in which deceased was riding to fall into a large hole or rut in defendant city's public street, throwing plaintiff out and causing his death, an instruction offered by defendant city that the jury should find such defendant not guilty if it appeared that the accident was proximately caused by the blowing of the whistle is properly refused, being bad as ignoring the other element of proximate cause, the defective condition of the street.

6.  TRIAL, § 207*—*what is effect of direction of verdict to find one defendant guilty.*  In an action against a city and a railroad company to recover for the death of plaintiff's intestate alleged to have been caused by defendants' negligence, a peremptory instruction to find one defendant not guilty leaves only the question of the negligence of the codefendant, and a verdict finding such codefendant guilty fixes its liability independently of the negligence of the other defendant.

7.  MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict for injuries due to defective street.*  In an action against a city and a railroad company to recover for the death of plaintiff's intestate, where it is alleged that the horse which deceased was driving at the time of the accident was frightened by the blowing of defendant railroad company's locomotive whistle and bolted, causing the wheel of the wagon in which deceased was riding to fall into a large hole or rut in defendant city's public street, throwing plaintiff out and causing his death, evidence *held* sufficient to justify a verdict for plaintiff.

8.  APPEAL AND ERROR, § 1523*—*when case not reversed for errors in instructions.*  Where the evidence in an action clearly justifies a verdict for plaintiff, or where defendant offers no countervailing evidence, such verdict will not be reversed for errors in instructions unless it is clear that the jury were misled by such instructions in a matter material to the issue.

9.  TORTS, § 32*—*when verdict against one tort feasor justified without regard to negligence of other.*  In an action where the declaration charges two defendants with separate acts of negligence contributing to cause the injury sought to be recovered for, a verdict against one defendant is justified without regard to the negligence of the other.

10.  APPEAL AND ERROR, § 438*—*when objection as to variance too late.*  In an action where the declaration charges two defendants with separate acts of negligence contributing to cause the injury sought to be recovered for, and where a peremptory instruction in favor of one defendant is given, plaintiff going to trial against the codefendant without amending, the objection of variance made for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the first time, on appeal comes too late, since if the objection had been seasonably made, plaintiff could have amended by striking the negligence averred against the other defendant, and retaining only the averment of negligence against the defendant found guilty.

11. EVIDENCE, § 154*—*when failure to offer evidence admission of facts.* Where a defendant offers no evidence to meet the case made by plaintiff's evidence, and allows the case to go to the jury on the facts so established, such defendant thereby admits the truth of such facts.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916. Rehearing denied January 17, 1916. *Certiorari* denied by Supreme Court (making opinion final).

JOHN W. BECKWITH and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

ELMER & COHEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for negligently causing the death of plaintiff's intestate, one James P. Hilton, brought against defendant and also the Chicago Junction Railway Company. The cause proceeded to trial under the first and third counts of the declaration, each of which charged two causes of negligence as contributing to the accidental death of Hilton, the negligence charged against the defendant railway company being that it violated a city ordinance by blowing the whistle of an engine which frightened the team Hilton was driving, causing them to bolt. The negligence charged against the defendant city was its permitting a large hole or rut to remain in Emerald avenue, in which the wheel of the wagon Hilton was driving dropped, throwing Hilton from the wagon, which ran over him and killed him.

At the close of plaintiff's evidence the court in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

structed a verdict in favor of the railway company, and the cause was then, without any countervailing proof being offered by defendant, submitted to the jury, which rendered a verdict against the defendant city for $4,500, upon which a judgment was rendered, and the city brings the record here for our review.

To the court's instruction to the jury to find a verdict for the railway company, counsel for the city interposed no objection.

Defendant complains of the court's ruling on the instructions to the jury. We have examined with care all of the instructions given and refused, and we are satisfied that the jury were sufficiently instructed upon the law of the case as it was submitted to them.

The court gave an instruction of its own motion, against which defendant raises strenuous objection, We are unable to discover any infirmity in this instruction, in fact we rather approve of it. In its essence it instructed the jury that they should take the law from the court and not consider anything as law except as given to them in the written instructions, and decide the case accordingly. Lawyers in their arguments oftentimes tell the jury what they regard the law to be, and at times they misinform them. In such a condition, it is the exercise of wisdom on the part of the court to give an instruction like the one complained of, to counteract the effect of any misinformation concerning the law in which counsel may have indulged in argument.

Because the defendant put in no evidence, the jury were only to consider the case as made by the evidence of plaintiff. There was no occasion for the court to instruct the jury regarding the preponderance of the evidence, and certainly not to give the instruction refused, which told the jury that "if the evidence was equally balanced, they must find for the defendant." The jury were instructed that their verdict must rest upon a preponderance of the evidence and that if

they found the defendant city guilty of the negligence charged against it in the declaration, their finding must be based upon a preponderance of the evidence. But as all the evidence before them was that of the plaintiff, the use of the word "preponderance" in this condition of the record was unnecessary.

Two acts of negligence were charged in the declaration—the blowing of the whistle and the defect in the street—and defendant's proffered instruction that if the accident was approximately caused by the whistle on the engine frightening the horses, they should find the defendant not guilty, was bad, as ignoring the other element of proximate cause, viz., the defective condition of the street. The negligence of the defendant railway company was out of the case by the finding of the jury in its favor.

The only question for the jury was whether the defendant city was guilty of the negligence charged against it in either of the two counts of the declaration. If the jury found the city guilty of the negligence charged in either of the two remaining counts of the declaration, their liability was fixed. Even were there errors in the instruction, this court would not reverse because of such errors, where the evidence so clearly justified a verdict for the plaintiff as in the case at bar, nor in a case where there is no countervailing proof, unless it was clear that the instruction challenged misled the jury in a matter material to the issue. *Young v. McConnell,* 110 Ill. 83.

After the railway company was out of the case no amendment was made to the declaration, and defendant contends that this is reversible error. If the defendant city was guilty of the negligence averred against it in the declaration, the jury were justified in their verdict, without regard to the liability of the other defendant. The most defendant can claim, in this condition of the record, is that there was a variance between the charge in the declaration that the

382 APPELLATE COURTS OF ILLINOIS.

railway company was guilty, with the other defendant, the city, of concurring negligence, and that the verdict was only against the latter. Defendant made no objection in the trial court on the ground of variance, neither did it there claim that the dismissal of the defendant railway company operated as an amendment to the declaration to that extent. The objection comes too late here. If the objection had been made in the trial court, plaintiff could have readily amended his declaration by striking out the negligence averred against the defendant railway company and by retaining only the averment of negligence against the defendant city. *Frank Parmelee Co. v. Wheelock,* 224 Ill. 194.

The city declined to meet with evidence the case made by plaintiff and allowed the case to go to the jury on the facts as established by plaintiff's evidence, thereby admitting the truth of such undisputed evidence.

The trial was fair, there are no material errors in procedure affecting the city's rights, and the judgment of the Circuit Court is affirmed.

*Affirmed.*