**Edith Browder, Appellant, v. Peter Beckman, Appellee.**

Opinion filed June 4, 1934.

T. A. O'CONNOR, for appellant.

FARMER, KLINGEL & BALTZ, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Edith Browder, appellant, brought suit in the circuit court of St. Clair county against Peter Beckman, appellee, who is her son-in-law, to recover damages for

injuries sustained by her, as she claimed, from the wanton and reckless use of his automobile.

The facts, which are not seriously disputed, are that on May 14, 1932, appellee, his wife and three small children, went to visit appellant at her home in Ava; that they stayed there that night, and the next morning, accompanied by appellant, drove out in the country to visit appellant's sick son; that they then returned to her home, where she was to leave the party; that appellee and the children alighted, his wife saying she desired to drive down the road some two miles and get eggs and chickens for family use; whereupon appellee and his wife engaged in an angry argument about her doing so. While this talk was taking place, appellant, who was upwards of 70 years of age, was endeavoring to get out of the car, having hold of its side with one hand, and one foot off the running board, toward the ground, when appellee, who could see appellant, and who was aware of her situation, directed his wife to start up the car and get her errand done, as he desired to get home and get some sleep, he being a baker by trade, who worked nights; whereupon the wife started the car suddenly, thereby throwing appellant violently to the ground, in consequence of which she sustained a fractured wrist and other injuries which will be referred to later.

There was a trial before a jury, a verdict for appellant in the sum of $322.75, upon which the court rendered judgment, after first overruling motions for a new trial and in arrest of judgment, to reverse which judgment in her favor, appellant has prosecuted this appeal. Appellee, by assignment of cross error, contends that the evidence does not justify a finding for appellant, and asks that the judgment be reversed with a finding of fact.

Appellant contends that the judgment should be reversed and the cause remanded for a new trial, and in

support urges three grounds:—that the court improperly refused to permit the wife of appellee to testify when called by appellant; that certain errors were committed in the giving of instructions at the instance of appellee, and that the verdict is grossly inadequate.

We will consider the assignments of error in the order above enumerated. Upon a careful consideration of the evidence, we are constrained to hold that whether appellee, knowing of the position of danger in which appellant was, in trying to alight from the car, considering her age and the fact that appellee at the time was angry, was guilty of wilful and wanton conduct which showed a reckless indifference to consequences in directing his wife to start the car, in view of all the circumstances, was a question of fact, and the jury's finding thereon should not be disturbed, unless some error of law intervened, or there was that appearing from which it might be inferred that the verdict was the result of passion or prejudice, which we do not find in the record. Hence we are of opinion that a reversal, with finding of fact as to the question of liability, would not be warranted.

Appellant called the wife of appellee as a witness, offering to prove by her that she was, at the time of the accident, the agent of her husband, and acting under his direction and command; that she started the car while appellant was in the act of alighting; that because of the sudden start, the latter was thrown to the ground and injured; that appellant was a hale woman before the accident, and ever since has been ailing as a consequence. Objection to the offer was sustained, and appellant assigns two reasons why the proffered evidence was admissible:—first, under the so-called necessity rule, upon the theory that no one could testify to just what took place between appellee and the driver of the car except the driver who is the wife of appellee. The answer to this is that both

appellant and appellee were present, were cognizant of all that was taking place, and both could, and did, testify fully to all that occurred; hence, there being other witnesses to the accident, it cannot be said the testimony of the wife was indispensable, under the necessity rule. *Bolkhardt v. Edwards,* 230 Ill. App. 640.

The other contention is that she was competent under section 5 of the Evidence Act, Cahill's St. ch. 51, ¶ 5, which provides that an exception to the rule excluding the testimony of a wife for or against her husband exists "in all matters of business transactions where the transaction was had and conducted by such married woman as the agent of her husband."

In *Donk Bros. Coal & Coke Co. v. Stroetter,* 229 Ill. 134, it is stated to be the law that in order for the wife to become a competent witness, it must appear that she was authorized to transact some business for her husband, and that she did so. To the same effect is *Kirman v. Hutchinson,* 254 Ill. App. 469.

In our opinion, appellee's wife was not transacting any business for her husband, by his authorization, which would render her competent as a witness within the statutory exception. However, in any event, the offer to prove was properly rejected. It embraced, among other things, the physical condition of appellant, both before and after the accident,—matters which manifestly did not relate to any business transaction of or in behalf of appellee. The rule is that where an offer of proof embraces evidence which is in part inadmissible, the whole offer may be rejected. *Donnan v. Donnan,* 256 Ill. 244; *Harman v. Indian Grave Drain. Dist.,* 217 Ill. App. 502. The ruling of the trial judge in rejecting the offer was right.

It is next urged that the court erred in instructing the jury, at the instance of appellee, that the burden of proof was upon the appellant to make out her case by a preponderance of the evidence, inasmuch as the

only testimony was that produced by appellant, none being offered by appellee, and that where such is the case, the instructions could but serve to confuse and mislead the jury, citing in support *Cohen v. City of Chicago,* 197 Ill. App. 377.

The jury found a general verdict for appellant, hence it is apparent that the instructions did her no harm, and she has no ground for complaint.

Lastly, the contention is made that the verdict is grossly inadequate. The undisputed proof shows that appellant suffered a comminuted compound fracture of the left forearm, an inch above the wrist, which was infected, and followed by lockjaw, the ulna or small bone protruding through the flesh; that as a consequence, there is a deformity of the arm, and a limitation of its motion of about 50 per cent, which condition is permanent. She was also internally injured, and still suffers pain in the abdomen; has difficulty in walking; that she is a widow, who made her living, prior to the accident, by working out, but is as yet unable to work; that she is 73 years of age, and before the injury was in ordinary good health.

The obligations actually incurred were the bills of Dr. McKelvey, $100; Dr. Shumaker, $142.25; St. Elizabeth's Hospital, $70.50; Burke Funeral Home, $10; or a total of $322.75, the amount of the verdict. It is thus obvious that the jury deliberately allowed appellant for the actual incurred expense attendant upon the injury, and nothing for pain or suffering or for the deformity of the arm, for its permanent partial loss of use, or for her inability to work since the accident. The jury were instructed that these were proper elements of damage, and to be considered by them as such, yet manifestly they ignored the instruction and refused to be bound by it.

Under the evidence appellant was either entitled to recover, or she was not. If there was a liability in her favor, she merited an award based upon the elements

of damage which the undisputed testimony showed she had sustained, and which it is demonstrated with mathematical certainty she was, in part, denied.

What moved the jury to render the verdict which it returned, is of course, not known, but it is certain they did not follow the court's instruction as to the amount of damages which the uncontradicted proof showed she had a right to recover, if the appellee was, in fact, liable to her, as the jury found. Having decided that she was entitled to an award, the jury were bound, in making same, to take into consideration all of the elements of damage which were proven. This they did not do, for which reason the amount of the verdict, upon the record, was inadequate. Where such is true, and it is obvious that a jury have failed to take into consideration proper elements of damage which have been clearly proven, a new trial should be awarded. *Paul v. Leyenberger,* 17 Ill. App. 167; *Kilmer v. Parrish,* 144 Ill. App. 270. The court should have sustained the motion for a new trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*