John Parke et al., Appellees, v. A. H. Lopez, Appellant.

Gens. No. 9,534, 9557, 9558.

Opinion filed August 8, 1940. Rehearing denied September 21, 1940.

A. B. Litow, of Chicago, and Hadley & Leren, of Wheaton, for appellant; Charles W. Hadley and Palmer Leren, both of Wheaton, of counsel.

Edgar F. Thoma, of Elmhurst, for appellees; George E. Billett, of Chicago, and William H. Fischer, of Elmhurst, of counsel.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

The plaintiffs, John Parke, Dorothy Parke, William R. Darnall and Page Darnall filed in the circuit court of DuPage county, their complaints against the defendant (petitioner) A. H. Lopez, seeking to recover damages for personal injuries sustained by them resulting from a collision between the automobile of John Parke in which the plaintiffs were riding, and an automobile owned and driven by the defendant, A. H. Lopez. The collision occurred on the 21st of May, 1938, at the intersection of Roosevelt road and York road in DuPage county, Illinois.

The defendant, A. H. Lopez, filed his counterclaim against the plaintiffs, John Parke and Dorothy Parke, seeking to recover damages for personal injuries he sustained resulting from said collision. Rita Roberts who was a passenger in the automobile of the defendant, A. H. Lopez, was granted leave to intervene and file her counterclaim against the plaintiffs, John Parke

and Dorothy Parke, seeking to recover damages for personal injuries she sustained as a result of said collision. The case was tried before a jury. The jury returned six separate verdicts, one finding the defendant, A. H. Lopez, guilty as to the plaintiff, Dorothy Parke, and assessed her damages at $499.80. As to the plaintiffs, John Parke, William R. Darnall and Page Darnall, they found the defendant guilty, but assessed each of the plaintiffs' damages at no dollars and no cents. The jury also returned a verdict finding John Parke and Dorothy Parke not guilty upon the counterclaim of the defendant, A. H. Lopez. They found a similar verdict upon the counterclaim of the intervening petitioner, Rita Roberts. Each of the four plaintiffs filed separate motions for a new trial on the ground that the said verdicts and each of them are contrary to the manifest weight of the evidence, and contrary to law. The defendant, A. H. Lopez, and the counterclaimant, Rita Roberts, filed their separate motions for judgment on their respective counterclaims notwithstanding the verdict. These motions were overruled. The defendant, A. H. Lopez, and counterclaimant, Rita Roberts, then filed their motions for a new trial, which were overruled. The court sustained the motion of the plaintiffs for a new trial. Judgment was entered on the verdict of the jury on the counterclaim of the defendant, A. H. Lopez, and the counterclaimant, Rita Roberts, and that they take nothing by their counterclaims and that they go hence without day. It is from the order of the trial court in granting a new trial to the plaintiffs that this appeal is prosecuted.

There is no question raised upon the pleadings in the case. The complaint alleges that the plaintiffs were in the exercise of due care and caution for their own safety while riding in the car of John Parke, and that on account of the negligence of the defendant, A. H. Lopez, in the operation of his automobile, they were injured. The defendant, A. H. Lopez, in his answer, denies any

and all negligence on his part. In his counterclaim he alleges that he was in the exercise of due care and caution for his own safety, and through the negligence of John Parke and Dorothy Parke, in the operation of their automobile, he was injured and sustained damages. The intervening petitioner, who was granted leave to file her counterclaim, charged that she was a passenger in the car of A. H. Lopez, and in the exercise of ordinary care and caution for her own safety, and that she was injured through the negligence of John Parke and Dorothy Parke.

The trial court, in passing upon the motion for a new trial, stated, that the jury having found the issues in favor of the plaintiffs, then each of them were entitled to some damages; that the jury was so instructed by the court, and they had failed to follow the instructions; that the damage assessed in favor of Dorothy Parke was inadequate, therefore he felt that the motion should be sustained as to her, the same as the other plaintiffs. It is always an aid to a reviewing court if we have the reasons why the trial court granted a new trial.

It is seriously contended by the appellant that the verdict in this case is identical as the one in the case of *Chapin v. Foege,* 296 Ill. App. 96. An examination of the verdicts filed in the *Chapin* case shows that they are entirely different from the case at bar. Chapin brought suit for personal injuries against the defendants, Herbert Foege and Henry Foege. The defendant, Herbert Foege, filed a counterclaim against Chapin. The jury, by their verdict, found: ''We, the jury, find the defendant, Henry Foege, not guilty, the defendant, Herbert Foege, guilty and assessed the plaintiffs' damages at the sum of no dollars. We, the jury, find the cross-defendant, W. J. Chapin, guilty and assess the cross-plaintiff, Herbert Foege's damages at the sum of no dollars.'' The Appellate Court of the First District sustained the trial court in holding that the jury, by their verdicts, intended to find that both plaintiff and

defendant were guilty of negligence which caused the accident and injuries, therefore neither could recover. In the present case it will be observed that the jury found that A. H. Lopez was guilty of negligence which caused the injuries to all of the plaintiffs and also found that John Parke and Dorothy Parke were not guilty of negligence on the counterclaim of A. H. Lopez and the intervening petitioner, Rita Roberts.

The law is well stated in the case of *Browder v. Beckman*, 275 Ill. App. 193, in which the court uses this language: ''What moved the jury to render the verdict which it returned, is of course, not known, but it is certain they did not follow the court's instruction as to the amount of damages which the uncontradicted proof showed she had a right to recover, if the appellee was, in fact, liable to her, as the jury found. Having decided that she was entitled to an award, the jury were bound, in making same, to take into consideration all of the elements of damage which were proven. This they did not do, for which reason the amount of the verdict, upon the record, was inadequate. Where such is true, and it is obvious that a jury have failed to take into consideration proper elements of damage which have been clearly proven, a new trial should be awarded. *Paul v. Leyenberger*, 17 Ill. App. 167; *Kilmer v. Parrish*, 144 Ill. App. 270. The court should have sustained the motion for a new trial.''

In the present case, the jury were instructed what elements to take into consideration in assessing damages if they found the issues in favor of the plaintiffs. This, they wholly failed to do. In granting motions for a new trial, it is largely discretionary with the trial court whether he shall, or shall not grant the same. In the present case it seems to us that the trial court properly exercised his discretion and granted the plaintiffs a new trial.

The order appealed from is hereby affirmed.

*Affirmed.*