Linda Giddings and Gloria Maddelino, Plaintiffs-Appellants, v. Otis H. Wyman, Defendant-Appellee.

Gen. No. 61–F–8.

Fourth District.

May 19, 1961.

Rehearing denied and opinion modified
November 2, 1961.

Meyer & Meyer, of Belleville, for appellant.

Burton C. Bernard, James E. Gorman, of Edwardsville, for appellee.

PER CURIAM.

Plaintiffs, Linda Giddings and Gloria Maddelino, brought action against defendant, Otis H. Wyman, to recover damages for personal injuries sustained by them in an automobile accident in Madison County, Illinois. The cause was tried before a jury which awarded the plaintiff, Linda Giddings, the sum of $362.50 and the plaintiff, Gloria Maddelino, the sum of $316.00. It was shown at the trial that Dr. Wilbur Holland, a licensed chiropractic physician of Collinsville, Illinois, who treated both plaintiffs for a period of several months after the accident, had rendered a statement for his services to Linda Giddings in the amount of $362.50 and also one to Gloria Maddelino for $316.00. The court entered judgments in the amount of the verdicts and the post trial motion of the plaintiffs was denied. The plaintiffs appeal seeking a new trial on the question of damages alone.

The accident occurred about 6:45 p. m. on April 6, 1959 while the plaintiff, Linda Giddings, was driving west on State Aid Highway No. 35 with Gloria Maddelino also in the front seat. As their car slowed down for a right turn it was struck in the rear by defendant's pickup truck. Defendant testified he was proceeding about 40 miles an hour and did not see the plaintiffs' car until it was too late to stop. The plaintiffs' car was pushed onto the shoulder of the road by the impact. After talking with the State Highway Patrol the plaintiffs proceeded on in their car to pick up their husbands. Plaintiff Giddings stated that she felt pain that evening and also a knot, and she had to lie down when she got home. The next evening she went to see Dr. Wilbur Holland, a chiropractic physician. He wrapped her neck in a cloth collar which he described as a Kamp-Lewin collar. This she wore constantly for two months until she changed to a plastic collar which could be removed at night. Dr. Holland testified that he X-

221

rayed and examined the plaintiff on April 7, 1959 and from the objective symptoms he found "a limitation of neck motion and a spasticity of the neck muscles." He further stated that his diagnosis of Linda Giddings' condition on April 7, revealed a "posterior ligament injury to the neck spinal column." Dr. Holland when questioned on whether the condition found in Linda Giddings might or could be a competent producer of pain stated that it could. Linda Giddings visited Dr. Holland over 60 times after the accident for treatment of her injuries and his bill for services was $362.50.

Plaintiff Gloria Maddelino testified she felt no pain until the morning after the accident. At this time she began feeling a sharp constant pain which became worse while she was bending and turning her head. The day after the accident she saw Dr. Moore who sent her to St. Mary's Hospital in East St. Louis for X-rays. The evening after the accident she went with Linda Giddings to see Dr. Holland, and she remained under Dr. Holland's care for several months. Dr. Holland testified as to the condition of Gloria Maddelino which he diagnosed as "injured neck muscles with what is termed a subluxation." Dr. Holland saw the plaintiff, Gloria Maddelino over 60 times and treated her in a manner similar to the treatment given Linda Giddings. This included the use of collars, measurements, X-rays, salve, machines, massage and heat treatments. His bill for services was $316.00.

The plaintiffs contend that the verdicts and judgments, being in the exact amount of Dr. Holland's bills, are grossly inadequate and warrant the granting of a new trial on the issue of damages.

■ The question here is whether or not the verdict in this case is inadequate. This question has been before our reviewing courts on numerous occasions, and it has been uniformly held that a new trial will be

granted where the verdict is grossly, wholly or palpably inadequate. (Montgomery v. Simon, 309 Ill App 516, 33 NE2d 642; Browder v. Beckman, 275 Ill App 193; Parke v. Lopez, 306 Ill App 486, 29 NE2d 30.)

To decide the question of adequacy, all of the evidence pertaining to the damages must be considered, not merely the amount of the medical bills. Moreover, whether or not the jury has been properly instructed upon the measure of damage should be carefully inquired into. In this case, while it is true that plaintiffs complained of severe neck injuries and the chiropractor testified that they had injured neck muscles and limited motion, there is also testimony from the chiropractor indicating that plaintiffs were completely pain free and that they had complete motion less than three months after the accident. Moreover, the record shows that the chiropractor signed each plaintiff to a complete course of treatment which included "popping the bone" and "cracking the neck." Regarding the instructions to the jury, we note that they were given the typical instruction regarding credibility of witnesses and adjured not to set aside their own observations and experiences in life. Furthermore, they were fully and completely instructed on the rule of damage applicable, which was in the long, detailed and tedious old form, now replaced.

We observe that the chiropractor here involved treated according to the complaints he received. Whereas, a conscientious practitioner, in the absence of significant objective findings, would be bound by the patient's subjective complaints to commence upon a prescribed course of treatment, the jury is not bound to so believe "in the light of their own observation and experience in the affairs of life." This jury may well have believed that plaintiffs' injuries here were most minimal, to the point of being incapable of

evaluation, and that plaintiffs would be fairly compensated if they only received their specials. We must not mislay the jury's inherent right to pass upon the credibility of the evidence and the witnesses.

██ When the jury has been correctly instructed upon the measure of damages, as was the case here, and it is not claimed nor shown that the size of the verdict, whether large or small, clearly indicates it was the result of passion or prejudice upon the jury's part, and there is no evidence of this anywhere in the record, the award should not be disturbed, unless the objective evidence positively and unequivocally shows that damages, clearly proven, have been overlooked as in the cases of Montgomery v. Simon, 309 Ill App 516, 33 NE2d 642 and Browder v. Beckman, 275 Ill App 193.

Judgment affirmed.