**Bruno F. Mineiko, Plaintiff-Appellant, v. Arthur Rizzuto, Defendant-Appellee.**

**Gen. No. 50,203.**

First District, Third Division.

November 4, 1965.

Tom L. Yates, of Chicago (Richard P. Runke, of counsel), for appellant.

Greenberg, Ziv and McCarthy, of Skokie (Frank E. McCarthy, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The sole question presented by this appeal is the adequacy of the damages awarded to the plaintiff, Bruno F. Mineiko, in his personal injury suit against Arthur Rizzuto. The jury assessed the plaintiff's damages at $2,500 and judgment was entered for that amount.

The case arises out of an automobile accident occurring just past midnight on August 13, 1960, at the intersection of 65th Street and Bell Avenue in Chicago. There were no traffic control signals at the intersection. The plaintiff, a printing company foreman, was on his way home from work and was driving south on Bell. He came almost to a stop upon reaching 65th, looked east,

then west and, seeing nothing approaching from either direction, accelerated to go through the intersection. His car was in the middle or a little past the middle of the intersection when the defendant's car, westbound on 65th street traveling at more than 50 miles per hour, came out of an underpass on the east, skidded for 50 feet as it entered the intersection and crashed into the plaintiff's auto on the driver's side with such force that the plaintiff was thrown out of the right side of his car. He was taken to a hospital where he remained for 16 days. He was away from his work for six weeks.

Seven of the plaintiff's ribs were fractured, most of them in two places; he suffered multiple abrasions, had difficulty breathing, coughed up blood and was in severe pain. There was medical testimony that the injury to the plaintiff's chest was permanent, that some of the ribs were shortened and angulated, that an osteoarthritic condition of the back developed as a result of the trauma and that this would be productive of pain, would decrease the motion of the back and would cause difficulty in bending. The plaintiff testified that his back was stiff and that he experienced some pain in the morning, but that his back got better and the pain lessened as the day went along. His wife corroborated his testimony about his back condition. She said that he could not bend down as he used to and that just a week before the trial he had cried out when he stooped to pick up the daily paper.

His special damages included doctor, hospital and medical bills amounting to $723.49, and six weeks loss of work at $270 per week, a total of $2,343.49. The award of $2,500 thus gave him $156.51 for his seven broken ribs, his other injuries and his pain. This amount is patently inadequate.

 The jurors were correctly instructed as to damages and it was their duty to determine the amount of

damages in accordance with the elements of damage set out in the court's instructions. Among these were the expense of medical care, the pain and suffering, the value of time lost and the nature of the injury and the disability resulting from it. This court said in Ward v. Chicago Transit Authority, 52 Ill App2d 172, 176, 201 NE2d 750:

> "The fixing of damages in a personal injury case is within the province of the jury. Where the jury has been correctly instructed on the measure of damages, as it was in this case, and there is no showing that the size of the verdict was the result of passion or prejudice or that the jury obviously overlooked an element of damages, the amount of damages awarded by the jury should not be disturbed on review."

Unlike the Ward case, in which we upheld an award of $1,000 in a personal injury case, the credibility of the plaintiff in this case is unquestioned, his loss of earnings not in dispute and his medical expenses not suspect. In addition, the jury in this case must have overlooked, misunderstood or refused to consider some component that should have entered into their total award. We assume that the misunderstanding was in regard to the wages lost by the plaintiff because, while he was testifying, he candidly volunteered the information that his employer had paid him for the six weeks he was away from his job. This came to $1,620. The compensation he received from his company had no relationship to the damages recoverable from the defendant. A plaintiff has the right to recover for the damages he suffers irrespective of any benefit he may receive from other sources. Cooney v. Hughes, 310 Ill App 371, 34 NE2d 566; Hoobler v. Voelpel, 246 Ill App 69. The defendant did nothing at the trial to capitalize on the plaintiff's admission, but somehow the jury was mislead and awarded the plaintiff little more than his special damages. The award is so out of line that a new trial is necessary.

38

When a verdict in favor of a plaintiff is fully supported by the evidence on the issue of liability but the damages awarded are inadequate, a new trial may be ordered on the issue of damages only. Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE2d 275; Adkins v. Blue Bird Coach Lines, Inc., 27 Ill App2d 34, 169 NE2d 368; Haizen v. Yellow Cab Co., 41 Ill App2d 330, 190 NE2d 514; King v. City of Chicago, 53 Ill App2d 484, 202 NE2d 839.

The defense interposed in this case was that of contributory negligence. This was on the ground that the plaintiff did not keep a proper lookout; that a fence, seven to eight feet high, on the northeast corner of Bell Avenue and 65th Street blocked the plaintiff's view to the east, and that if he had proceeded carefully as he passed the fence and had then looked east he would have seen the headlights and would have heard the noise of the defendant's car as it came through and out of the underpass to the east.

The fence argument applies with greater force to the defendant. His view was also obstructed by the fence and the plaintiff had the right-of-way. Nevertheless, the defendant drove past the fence at great speed. That speed was estimated at 50 to 60 miles an hour by a resident of the neighborhood who lived just south of the intersection and who was sitting on his porch because the night was hot and humid. Two other witnesses who lived on Hamilton Avenue, a block east of Bell, were also sitting outside. These witnesses said that the defendant's car, traveling west on 65th, passed Hamilton and entered the half-block-long underpass at a speed of 60 to 70 miles per hour. Seconds later they heard the crash.

██ The liability of the defendant was definitely established. A verdict for the defendant would have been against the manifest weight of the evidence and if appealed would have required a reversal. Since the jury properly decided the liability issue and improperly decided

39

■■■■■■

the question of damages, the judgment will be reversed as to damages only. The cause will be remanded for a new trial on this issue.

Reversed and remanded with directions.

SULLIVAN and SCHWARTZ, JJ., concur.