**Edward Kelley, Plaintiff and Counter-Defendant Appellant, v. James Cross and Barbara Cross, Defendants and Counter-Plaintiffs Appellees.**

**Gen. No. 66–71.**

Third District.

January 30, 1967.

Roger V. Pierson and Fred W. Potter, of Princeton, for appellant.

Zwanzig, Lanuti, Bower & Zwanzig, of Ottawa, for appellees.

STOUDER, P. J.

Plaintiff-Appellant, Edward Kelley commenced this action for damages arising from the alleged negligent operation of a motor vehicle by Defendant, James Cross. In a counterclaim Defendant Cross sought damages on account of Plaintiff Kelley's alleged negligent operation of his motor vehicle. The Circuit Court of Bureau County entered judgments on the verdicts of the jury in favor of Plaintiff in the amount of $1,076.74 and against Defendant both on the original action and his counterclaim. Plaintiff's post-trial motion requested a new trial limited to the issue of damages only, or in the alternative for a new trial generally, alleging that the judgment was inadequate because it was for the exact amount of the special damages proved. Defendant's post-trial motion requested that judgment be entered for him notwithstanding the verdict of the jury and alleged that the verdict of the jury was not sustained by the evidence. The post-trial motions were denied and each party has appealed.

According to Plaintiff's version of the incident he was operating his car in a northerly direction on route 88. As he approached an intersection of route 88 and an east-west gravel road he decreased his speed to five to ten miles per hour and used his turn signal preparatory to making a left-hand turn onto the gravel road. Immediately prior to turning, it appeared to him that the southbound car of Defendant was heading straight toward him so he turned his car toward the right-hand shoulder to avoid a collision, the collision thereafter occurring in the northbound lane. Plaintiff's car came to rest on the east shoulder 56 feet south of the intersection and sustained substantial damage to the left front portion.

According to Defendant counterclaimant's version of the incident, he was operating his car in a southerly direction on route 88 at a speed of 55 to 60 miles per hour. As he approached the intersection he decreased his speed to 45 miles per hour and when he was about 100 feet from Plaintiff's car, the latter's car suddenly veered into the southbound lane of the highway. Defendant turned his car to the left into the northbound lane of the highway to avoid a collision but at that time Plaintiff veered back into the northbound lane, the collision occurring in the center of the highway as the Defendant was endeavoring to return to the southbound lane. Defendant claimed that he observed no lights on the Plaintiff's car. Plaintiff's car came to rest partly in the northbound lane 67 feet from the intersection and sustained substantial damage to the left front portion. Defendant's wife was a passenger in his car and in her testimony she corroborated Defendant's version of the incident.

Investigating police officers testified concerning the location of and damage to the cars as well as to other physical facts existing after the incident occurred.

■ ■ We shall first consider Defendant's cross appeal and his contention that the trial court erred in deny-

ing his post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial because there is insufficient evidence to support the jury's verdict. It is conceded by Defendant that where the evidence is substantially conflicting, the weight and credibility to be given the evidence is properly a matter for the jury. However Defendant argues that Plaintiff's testimony was impeached and consequently is entitled to little or no weight. On cross-examination Plaintiff was asked the following questions and gave the following answers. "Q. Now, actually you don't recall how the accident itself really happened, isn't that true? A. Well, of course, I don't know how it came the man hit me, the car hit me, I know it hit me and that's all I know about it. Q. That's true, isn't it, that's actually all you know? A. At the time." Defendant insists that under the authority of Baumeister v. Bowers, 271 Ill App 332, the foregoing answers of Plaintiff require that his testimony be disregarded. In Baumeister, an action by a guest passenger against the driver of the automobile in which Plaintiff was a passenger, Plaintiff admitted that her testimony was completely different from the statements she had made at the time of the occurrence and insisted that such change in testimony was at the suggestion of the Defendant. In the instant case the two questions relied upon by Defendant are vague and argumentative and the answers of Plaintiff are equally vague. Such questions and answers do not represent any such contradiction as in Baumeister. The most that can be said of the testimony in the instant case is that it does not support any clear conclusion. In the instant case, the evidence being substantially in conflict, the jury had a right to assess the weight and credibility of the evidence including the purported impeaching evidence, and we believe that the issues were properly submitted to the jury and its verdict is amply supported by the evidence.

Plaintiff contends that although the judgment of the trial court was in his favor, the court should have awarded him a new trial limited to the issue of damages only or in the alternative for a new trial generally. Plaintiff argues that the amount of the judgment was inadequate and that based on the evidence the jury failed to take into account proper elements of damages. The undisputed evidence shows that Plaintiff sustained 2 broken ribs, abrasions of the nose and contusions of the shoulder. He was hospitalized for 4 days and under treatment by a physician for approximately a month. During the period of the treatment Plaintiff's ribs were immobilized. Physicians testified concerning the injuries and indicated that sedatives and ultrasonic treatment had been administered and that Plaintiff sustained no permanent injury. Plaintiff testified that he sustained no permanent injury and that his recovery was complete. His testimony concerning pain, if any, was vague and uncertain. The physicians testified that Plaintiff complained of pain in his shoulder and side at the time of his admission to the hospital and several times during the course of the treatment. The exhibits substantiating special damages showed $868.49 for towing and repair of Plaintiff's automobile and $208.-25 for hospital and physicians' services or a total of $1,076.74, the exact amount of the jury's award.

The jury was instructed in the customary manner that if it found liability against the Defendant it could properly consider the following elements of damages, "The nature, extent and duration of the injuries. The pain and suffering experienced as a result of the injuries. The reasonable expense of necessary medical care, treatment and services received. The reasonable expense of necessary repairs to the property which was damaged." No claim is made that based on the evidence the jury was improperly instructed on the issue of damages.

██ When a verdict in favor of a Plaintiff is fully supported by the evidence on the issue of liability but

the damages awarded are inadequate, a new trial may be ordered on the issue of damages only. Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE2d 275, and Mineiko v. Rizzuto, 65 Ill App2d 35, 212 NE2d 712. In the application of the foregoing principles Plaintiff argues that it is evident from the amount of the award that the jury disregarded the nature, extent and duration of the injury and Plaintiff's pain and suffering. We have reviewed the cases relied upon by Plaintiff, namely Mineiko v. Rizzuto, 65 Ill App2d 35, 212 NE2d 712, Haizen v. Yellow Cab Co., 41 Ill App2d 330, 190 NE2d 514, Montgomery v. Simon, 309 Ill App 516, 33 NE2d 642 and Hong v. Williams, 6 Ill App2d 456, 128 NE2d 655. Without reviewing the facts of each of the foregoing cases it is clear that new trials were granted where the amounts were for less than the undisputed out-of-pocket expenses or nominal awards were returned by the jury notwithstanding undisputed evidence of serious permanent injuries.

■■ In matters relating to damages the courts are reluctant to interfere with the discretion of the jury as to the amount of damages to be awarded. 15 ILP Damages, § 162. Where no complaint is made as to instructions to the jury or the admissibility or rejection of evidence, the reviewing court will not disturb the amount of the damages unless the damages are palpably inadequate. Corsello v. Warren, 51 Ill App2d 367, 201 NE2d 155.

■ The record discloses Plaintiff sustained no permanent injury and all special damages proved were included in the jury's award. To the extent that the award may be deemed to have not included any amount with respect to the nature of the Plaintiff's injuries or his pain and suffering we believe that the jury had the right to conclude that these elements of damage were at most minimal and hence insufficient to require or support an economic evaluation thereof. Giddings v. Wyman, 32 Ill

App2d 266, 177 NE2d 641. Such considerations are peculiarly within the province of the jury and we find no reason for disturbing its verdict.

For the foregoing reasons the judgments of the Circuit Court of Bureau County are affirmed.

Judgments affirmed.

ALLOY and CORYN, JJ., concur.