EUGENE BLEDSOE, Plaintiff-Appellant, *v.* BARRY AMIEL, Defendant-Appellee.

First District (3rd Division)   No. 76-1218

Opinion filed January 25, 1978.

Engelman & Smith, of Chicago, for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (James F. Carlson, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal by the plaintiff, Eugene Bledsoe, questions the adequacy of damages awarded to him by a jury for injuries he sustained in a motor vehicle collision. Bledsoe claims that the verdict of $264, an amount precisely equal to the cost of his medical treatment, does not provide for all proper elements of damages, disregarding the lost wages, disability and pain and suffering which he proved at trial.

The collision occurred on December 16, 1973, in an alleyway. A car

driven by the defendant, Barry Amiel, struck the left front bumper of the United States postal truck in which Bledsoe, a 25-year-old mailman, was seated. There was little or no damage to the truck. At trial the plaintiff's testimony supplied all the actual evidence relating to the damage issue. Bledsoe stated that the impact injured his knee and back, giving him pain and forcing him, 13 days after the accident, to stop work for three weeks. During the 13 days immediately subsequent to the collision, however, he continued his regular employment, including additional overtime hours. Bledsoe testified the injury prevented him from continuing a second job as a laundry deliveryman. He claimed he no longer could effectively participate in sports or work as he once did because of pain; the injury left him so weak that he required assistance at work to lift packages, a routine part of his job. After having difficulties at work, and upon the suggestion of his supervisor, he visited a physician; he went for 15 treatments of the injuries, receiving pills, shots, X rays and a type of "machine" therapy. He testified that his knee has improved but that he still has pain in his back. The only tangible evidence he introduced to corroborate his testimony consisted of the doctor's bill in the amount of $264 and his answers to the defendant's pretrial interrogatories regarding the length of his absence from work.

The defendant and a police officer who wrote the accident report were the only other witnesses at trial. The police officer testified that during his investigation, on the day of the occurrence, he asked whether anyone was injured by the accident; no one, according to the officer, reported injury. The defendant also testified that, at the accident, Bledsoe failed to complain to him of any injury or pain. The plaintiff claims that his testimony remains uncontroverted by impeachment or independent evidence, and, therefore, the verdict, equivalent to his medical expenses, is palpably inadequate and against the manifest weight of the evidence. The award, an exact reflection of the doctor's bill, means that the jury failed to consider all elements of damages. The plaintiff asks that a new trial be granted on the issue of damages only.

■■ When the damage issue is distinct from the question of liability, a court can set aside an inadequate verdict and order a new hearing to be held to consider the amount of damages alone. (*Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275.) Here, the sole question is the sufficiency of damages: the plaintiff presents no contentions of trial court error, no claims of improper rejection or admission of evidence, no complaints against any of the jury instructions given by the judge and no assertions that the verdict resulted from passion or prejudice on the part of the jury. In such instances, a review court must exercise extreme caution in overturning a jury determination. (See *Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94; *Zielinski v. Goldblatt Bros., Inc.* (1969), 110 Ill. App. 2d 248, 249 N.E.2d 245.) The assessment of a monetary

award for personal injuries is a factual problem to be decided by a jury; such a decision can be disturbed only when a verdict is grossly and wholly inadequate. *Browder v. Beckman* (1934), 275 Ill. App. 193; *Giddings v. Wyman* (1961), 32 Ill. App. 2d 220, 177 N.E.2d 641; *Davis v. Yellow Cab Co.* (1971), 133 Ill. App. 2d 190, 273 N.E.2d 35.

In this case, the plaintiff's damage claims rest entirely upon a subjective analysis: his characterization of the physical injuries suffered, his depiction of the medical treatment undergone, his explanations of the difficulty encountered at work and in leisure-time, his description of lost wages and their cause. Only minimal objective evidence—a doctor's bill—buttresses his account. The plaintiff introduced no testimony or report from any medical authority regarding the nature and severity of the injuries, and he gave no information which would indicate the necessity of 15 visits to the doctor. Further, no fellow employee reported upon the work situation, no work records were submitted to verify the length and reason for the work time lost, and no associate attested to incidents of Bledsoe's disability or pain.

In instructing the jury the trial court listed the elements of damage that the plaintiff had the burden of proving, advising the jury that they were responsible for determining whether or not each of these elements had been sustained. Further, the judge charged the jury to measure the evidence against their own personal observations and experience, and that they alone evaluate the credibility of witnesses and the weight given to testimony.

■■ A review of the record indicates Bledsoe's version of the damages he sustained is indefinite and vague on several points. His description of the extent and duration of his injuries lacks detail. He fails to inform the jury of the frequency of the pain or the times he required help with his work; he fails to specifically recount when he experienced pain. He is unclear as to the location of the injuries; only on cross-examination does he state the exact areas of his body which were injured. His recollection of the medical treatment is rambling and uncertain as to its nature and purpose. He ascribes a three-week work absence to his injuries yet he admits he worked 70 to 80 hours a week for almost two weeks immediately subsequent to the accident. Such a record could seem contradictory, making the later three week absence appear unnecessary; a jury could have reasonably inferred from the evidence, as the defense suggests, that the work hiatus was unconnected to the injuries. Certainly, upon a record which contains such scant description of the medical care received, a jury could discount the need for 15 visits to the doctor for treatment. Subjective and unclear testimony need not be given credence by a trier of fact enjoined by law to avoid speculation, guess or conjecture in its verdict. As in *Giddings*, this jury "* * * may well have believed that plaintiffs' injuries * * * were most minimal, to the point of being

incapable of evaluation, * * *." (32 Ill. App. 2d 220, 223-24, 177 N.E.2d 641, 643.) It is a duty of a jury to measure the credibility of evidence and witnesses in making its decision. When it is not objective proof, but the plaintiff's subjective testimony which is the sole evidence substantiating the damage claims, a reviewing court cannot ignore this aspect of the jury's function and reweigh the evidence. *Giddings*, 32 Ill. App. 2d 220, 224, 177 N.E.2d 641, 643.

The plaintiff bases his argument, that since his testimony meets each of the elements of damage he deserves a recovery exceeding his medical expenditures, on the test articulated in *Browder v. Beckman*:

> "Under the evidence appellant was either entitled to recover, or she was not. If there was a liability in her favor, she merited an award based upon the elements of damage which the undisputed testimony showed she had sustained, and which it is demonstrated with mathematical certainty she was, in part, denied." (275 Ill. App. 193, 198-99.)

But *Browder* and the cases cited to support this argument are inapposite to the plaintiff's position. In each of the cases where a court reversed a verdict because of inadequate damages, the finding that the jury did not consider all the elements of damage or the decision was against the weight of the evidence is premised on the seriousness and permanency of the injuries sustained. (See *Browder; Kelty v. Wiseman Construction Co.* (1976), 38 Ill. App. 3d 808, 349 N.E.2d 108; *First National Bank of Szwankowski* (1969), 109 Ill. App. 2d 268, 248 N.E.2d 517.) In the present case, Bledsoe presented no evidence, even in his testimony, that would show a permanent or serious incapacity was sustained. Further, these cases contain substantial objective evidence, other than subjective testimony, which proved the nature, extent and duration of the injuries. The absence of corroborative evidence in the present case is a most glaring deficiency. See *Stroyeck v. A. E. Staley Manufacturing Co.* (1960), 26 Ill. App. 2d 76, 167 N.E.2d 689; *Daly v. Vinci* (1964), 51 Ill. App. 2d 372, 201 N.E.2d 200; *Davis v. Yellow Cab Co.*

■■ It cannot be said in this instance that the evidence offered by the plaintiff more probably than not demonstrates compensable injury beyond the amount granted by the jury. When arbitrating factual questions it is the task of the jury to assess credibility, and to select from among conflicting inferences and conclusions that which is reasonable. (*Buer v. Hamilton* (1964), 48 Ill. App. 2d 171, 199 N.E.2d 256.) Since the jury's evaluation of the plaintiff's unsupported testimony is not unreasonable or arbitrary, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McNAMARA and SIMON, JJ., concur.