HERMAN VOCKE

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

1. INSTRUCTIONS—*when giving of an instruction will be presumed to be necessary.* An instruction which requires the jury to consider only the law as given by the court and not as stated by counsel, will be presumed to have been necessary, where the record does not show what statements were made by counsel.

2. SAME—*instructions must be concise and plain.* Instructions must be clear, concise and plain, so as to be readily understood by the jury, rather than such as to mislead or confuse them.

3. MUNICIPAL CORPORATIONS—*person knowing condition of a street must use care in proportion to danger.* A person who is familiar with the condition of a public street must use care in proportion to the danger, if any, known to him.

4. SAME—*person may assume that city has used ordinary care to keep street in safe condition.* While a person using a public street must use ordinary care for his safety, yet he may presume that the city has exercised ordinary care to keep the street in a reasonably safe condition for persons using such degree of care.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JAMES C. MCSHANE, for plaintiff in error.

JOHN F. SMULSKI, City Attorney, (WILLIAM J. STAPLETON, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Herman Vocke, plaintiff in error, brought suit in the superior court of Cook county against the city of Chicago, defendant in error, for personal injuries received by him while driving along Ashland avenue, in said city. The declaration charged the defendant with negligence in permitting a large hole to be and remain in said avenue, and alleged that in consequence thereof plaintiff was thrown from his vehicle to the ground and dragged a considerable distance, and that one of the wheels passed over his body, causing serious and permanent external and internal injuries. There was a plea of the general issue, and on a trial the jury returned a verdict of not guilty. The court entered judgment on the verdict and a writ of error was sued out from the Appellate Court for the First District, where, upon a review of the record, the judgment was affirmed and a certificate of importance was granted.

The facts proved at the trial were as follows: Plaintiff was engaged in delivering newspapers twice a day with a horse and newspaper cart. He had finished delivering his evening papers on April 12, 1900, and was driving north, at about 7:30 P. M., on Ashland avenue to Forty-eighth street. In front of No. 5025 Ashland avenue there was a hole in the pavement about six feet wide east and west and two feet north and south. The street was paved with wooden blocks and the place had been in bad condition for several months at least. The edges of the blocks around the hole would be worn until new blocks came out and others in turn became worn and loosened. There were street car tracks in the street and the hole was about four feet east of them. It was dark and plaintiff was driving on a trot, with the west wheel of his cart on the east car track, when the east wheel dropped into the hole and he was thrown out. He held to the reins and was dragged a considerable distance,

and one of the wheels passed over him. The next day he was about his business, but had a boy to deliver the papers while he drove the horse. He had an old rupture which had existed for seven or eight years, but there were two new ruptures, caused, as he claimed, by the accident. The testimony of the two doctors produced at the trial differed as to the cause of such new ruptures, the doctor for plaintiff testifying that they might have been caused by the accident and external injury, while the doctor for the defendant testified that they could not have been caused from pressure without but resulted from pressure within. The evidence as to the hole in question varied but little, most of the witnesses saying it was about six inches deep,—the depth of the blocks which had come out. Plaintiff testified that it was a foot deep.

The errors assigned consist in the giving of instructions at the request of defendant. One of the instructions so given was as follows:

"The court instructs the jury that in considering this case it is not only your duty to decide the case according to the weight of the evidence, but it is also your duty to decide it according to the law as given you by the court, applied to the evidence. While it is true, as a matter of law, that the attorneys for the respective parties may state to you what they believe the law to be, and base arguments thereon, still, under your oaths and under the law, you have no right to consider anything as law except it be given you by the court, and you have no right to take the statement of any attorney as to what the law is, except the court gives you an instruction to the same effect; or, in other words, you should consider only that as law as given you by the court, and decide the case accordingly."

It is the exclusive province of the court to decide all questions of law arising upon a trial and to instruct the jury as to the law. It is not the function of counsel to

instruct the jury, in argument or otherwise, and if they desire to have the jury informed as to the law applicable to a given state of facts they must present an instruction to the court for that purpose. This instruction was correct in telling the jury that it was their duty to decide the case according to the law as given by the court, and it also recognized the privilege of counsel to state what they believe the law to be and to base arguments thereon. It may be that in making such statements the counsel may agree as to the law and it may be correctly stated, so that it might be error to give an instruction of this character. The course of counsel in argument, however, may be such as to require such an instruction, and in this case we have no means of knowing what the statements of counsel as to the law were. Error is not presumed, and as the record does not show the statements of counsel as to the law, we must assume that the instruction was necessary and proper. Assertions and argument to the jury by counsel as to the law cannot be made to take the place of instructions by the court.

Another instruction given at the request of defendant is as follows:

"A person who uses a public street and is familiar with the condition of the same must exercise reasonable care in proportion to the danger, if any, known to him, and, therefore, if you believe, from the evidence, that at the place of the alleged injury to the plaintiff there was a dangerous condition, and that the plaintiff saw, or by the use of reasonable care could have seen, the place complained of, then he was bound to exercise ordinary care on his part in view of all the circumstances; and if you believe, from the evidence, that he was injured through failure to exercise ordinary care, then, no matter how much the authorities of the city in charge of its streets have neglected their duty, no recovery can be had by the plaintiff in this suit, and in such case you should find the defendant, the city of Chicago, not guilty."

It is a primary rule that instructions must be clear, concise and plain, so as to be readily understood by the jury. This instruction is a vague, obscure, disjointed statement, rather calculated to mislead the jury than to enlighten them. Its first statement is, that a person using a public street, who is familiar with its condition, must exercise reasonable care in proportion to the danger, if any, known to him. This is a correct statement of the law. If one knows of the dangerous condition of a street he must exercise reasonable care in proportion to the known danger. That fact would call for the exercise of a higher degree of care than would be required in the absence of such knowledge or where the person using the street would have a right to presume that it was reasonably safe. By the language of the instruction the next proposition is based on that rule, and the statement is, that therefore (*i. e.*, for that reason or in consequence of that rule,) if the jury believed, from the evidence, that the plaintiff saw, or by the use of reasonable care could have seen, the place complained of, he was bound to exercise ordinary care on his part, in view of all the circumstances. We do not understand what connection the rule as to actual familiarity with the condition of the street had with the ability of plaintiff to see the place complained of, with the use of reasonable care if he did not, in fact, see it. The two propositions are not connected and one does not follow from the other. The presumption of law is that a city will perform its duty, and the law imposes no duty on a traveler using a public street to anticipate negligence on the part of the city. He must use reasonable care for his own safety, but has a right to assume that the city has exercised ordinary care to keep the street in an ordinarily safe condition for persons using such degree of care. There was no instruction given in the case informing the jury either as to the presumption of law or what would constitute reasonable care on the part of one using a street. Plaintiff was

bound to exercise ordinary care for his own safety in view of all the circumstances, but to tell the jury that he must exercise reasonable care in proportion to the danger if he was familiar with the street, and that if by the exercise of reasonable care he could have seen the place then he must exercise reasonable care in view of all the circumstances, was both confusing and misleading.

Another instruction given was as follows:

"The court instructs the jury that the plaintiff in this case is not entitled to recover for any injuries, infirmity or sickness, if such there were, occurring at any time other than the time of the accident alleged in this case. The jury are further instructed, that if you believe, from the evidence, that the plaintiff has failed to establish the fact that his alleged injuries or infirmities are the result of and were caused by the accident alleged in this case, by a preponderance or greater weight of the evidence, then you should find the defendant not guilty."

There was a controversy over the question whether the two later ruptures were caused by the accident, but there was no conflict in the testimony on the question that he suffered some injury from being thrown out of the cart and dragged. A jury would naturally understand this instruction as applying to the ruptures, but if the jury concluded that they were not caused by the accident, that fact would not be a warrant for a verdict for the defendant, freeing it from all liability. The injuries, which were not disputed, may have been very slight, but if there was a liability plaintiff was entitled to some damages. Under the evidence the instruction should not have been given in that form.

The judgments of the superior court and Appellate court are reversed and the cause is remanded to the superior court.                    *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting.