## City of Chicago v. Eraika Carlson.
## Gen. No. 13,674.

1. NEGLIGENCE—*when condition of sidewalk is question for jury.*
*Held*, that it was a question for the jury to determine, whether the city was guilty of negligence where it appeared that from the top of the cement sidewalk in question to the dirt and stone below, at the south end of it and directly in line with the sidewalk, and in the public street, there was a perpendicular descent or drop of approximately two feet.

2. EVIDENCE—*what incompetent upon examination of medical expert.* It is not competent upon the examination of a medical expert to inquire of him with respect to the meaning of terms applicable to an injury of a kind not shown to have been sustained.

3. INSTRUCTION—*upon preponderance of evidence approved.* An instruction upon this subject as follows is approved: "If the jury find from the evidence that the plaintiff has made out her case by a preponderance of the evidence, as alleged in the declaration, then the jury should find the defendant guilty."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 28, 1908.

**Statement by the Court.** Appellee recovered a judgment against appellant for $8,000 in an action for the recovery of damages for personal injuries suffered by reason of an alleged defect in a sidewalk upon which appellee fell and was injured November 3, 1904.

The evidence in the record tends to show that Forty-eighth avenue is a north and south street in the city of Chicago. Huron and Erie streets run east and west, crossing Forty-eighth avenue at right angles. Erie street is the next street south of Huron street.

On November 3, 1904, there was a cement sidewalk seven feet in width on the east side of Forty-eighth avenue, beginning at the southeast corner of Huron street and extending south about seventy-five feet. At the south end of the cement sidewalk and connected with it, a cinder walk, about three feet in width from

the curb, extended south for some distance. South of the cement sidewalk, and from the lot line to the cinder walk, there was no sidewalk other than the natural surface of the soil, which, at the south end of the cement sidewalk, was about two feet lower than the cement walk, making at that point, east of the cinder walk, an abrupt descent or drop of two feet, more or less, from the end of the cement walk. This condition of the sidewalk had existed several months prior to the accident.

About 10:30 o'clock in the evening of November 3, 1904, appellee and three other women were walking slowly south on the east side of Forty-eighth avenue on this cement sidewalk. The night was dark, and there were no street lights in the immediate vicinity, so that it was impossible to see distinctly. Appellee was walking near the lot line and when she came to the end of the cement sidewalk she fell upon the ground and stones and sustained severe and permanent injuries.

At the close of plaintiff's evidence, and again at the close of all the evidence, motions were made by appellant for a directed verdict, and a written instruction was tendered with each motion. The motions were denied and the instructions refused.

EDWARD J. BRUNDAGE, Corporation Counsel, and JOHN R. CAVERLY, for appellant; JOSEPH B. DAVID, of counsel.

BRANDT & HOFFMANN, for appellee; LEO V. ROEDER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

It is urged that appellant is not guilty of negligence in constructing or maintaining the sidewalk from which appellee fell, and the case of Healy v. City of Chicago, 131 Ill. App. 183, is cited.

That case relates to a completed sidewalk made of sound plank, firmly fastened in place, but where there was a difference in grade of thirteen inches between

two pieces of the walk, which had existed for a year and a half, without sloping boards or a step. The complaint in that case, as in the case of the City of Chicago v. Bixby, 84 Ill. 82, was not that the work in building the walk was improperly or negligently done, but that its design was improper and injudicious. It was held that the courts had no control over the design or plan of the sidewalk, and that the court could not say as a matter of law that the plan itself was so dangerous that its construction was negligence. That is a different question from the one presented here. We find nothing in the record to justify us in holding that the condition of the walk under consideration here was in accordance with any plan or design of the municipal authorities. The contrary inference only can be drawn from the facts, namely, that it was an incomplete sidewalk, and that the design and plan was to construct a cement sidewalk along the whole block between Huron and Erie streets of the same character and level as the walk north of the place where the accident happened.

City of Chicago v. Norton, 116 Ill. App. 570, involved the question whether a difference of two and one-half to three inches between two adjoining pieces of flagging in a sidewalk was not reasonably safe, and could be deemed evidence from which the fact of negligence in respect thereto might be inferred, and it was held that the sidewalk was reasonably safe and the city was not guilty of negligence. That, we think, was a different question from the one here presented. And the same may be said of Harmes v. City of Chicago, No. 9818 (an unreported case).

From the top of the cement sidewalk to the dirt and stones below the south end of it and directly in line with the sidewalk, and in the public street, was a perpendicular descent or drop of approximately two feet. If the jury believed from the evidence in the record that this condition in the public street, and in the direct line of travel thereon, was not reasonably safe for persons using the sidewalk in the night-time, they

City of Chicago v. Carlson.

were, in our opinion, warranted by the evidence in the record in finding that appellant was guilty of negligence in so maintaining the public street without lighting it at this point in the night-time. No guard was placed there of any kind, nor was any incline of plank or dirt maintained leading from the cement sidewalk to the ground below.

Whether appellee was in the exercise of due care for her own safety, and whether the damages awarded by the jury are excessive, are questions on which, under the evidence, the verdict is conclusive.

Errors are assigned upon the rulings of the court in sustaining objections to certain questions propounded to Dr. Hall. The witness was asked: "Doctor, state, if you will, what you mean by gall-stone?" The evidence showed that appellee had never had gall-stones. This was demonstrated by an operation on her gall-bladder. There was, therefore, no question of gall-stones in the case. The evidence was properly excluded. These remarks apply also to the ruling on the question: "What are the conditions, doctor, that in your opinion would indicate the presence of gall-stones?"

This witness was asked: "What are those symptoms (referring to symptoms of appendicitis?)" While an objection to this question was sustained, the witness was afterwards permitted to answer fully the question: "What would be the indications of appendicitis?" We think appellant was not injured by the ruling.

We find no reversible error in the examination of Dr. Price.

Complaint is made because the court gave the following instruction at the instance of appellee:

"If the jury find from the evidence that the plaintiff has made out her case by a preponderance of the evidence, as alleged in the declaration, then the jury should find the defendant guilty."

In U. S. Brewing Co. v. Stoltenberg, Admr., 211 Ill.

531, the court gives a long list of cases in which it has approved this instruction in form and substance.

The record appears to be free of substantial error, and the judgment is affirmed.

*Affirmed.*