## Kedah J. Stanley, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 16,753.

1. MUNICIPAL CORPORATIONS—*liability for dangerous obstruction of walks.* A city is liable for injuries caused by dangerous obstructions on its walks and for failure to construct and maintain its walks in accordance with its plan of construction.

2. MUNICIPAL CORPORATIONS—*instruction as to construction of sidewalk that is obstructed.* Where a pedestrian stumbles over planks and crosspieces placed on a sidewalk by a contractor wrecking a building as a crossing for teams and wagons and to protect the walk, and sues the city for maintaining or permitting the obstruction, an instruction for the city as to its duty in constructing or maintaining the sidewalk is inapplicable and misleading.

3. MUNICIPAL CORPORATIONS—*notice of obstruction from fact building is being wrecked.* Where a pedestrian stumbles over planks and crosspieces placed on a sidewalk by a contractor wrecking a building, sues the city for permitting or maintaining the obstruction and testifies that she knew nothing of the obstruction or that a building was being wrecked, an instruction that pedestrians are bound to take notice that sidewalks in front of buildings being wrecked are more or less obstructed, and that plaintiff cannot recover if in failing to take notice of the obstruction she did not exercise proper care is improper.

Error to the Circuit Court of Cook county; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed January 29, 1913.

EMERY S. WALKER and JOHN L. DAVIDSON, for plaintiff in error.

EDWARD J. BRUNDAGE and CLYDE L. DAY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

This writ of error is prosecuted by Kedah J. Stanley to reverse a judgment against her by the City of Chicago in an action on the case by her against said city for personal injuries received by her in falling on a certain street and sidewalk in front of the premises known as No. 94 to 98 Washington street, Chicago.

The first count of the declaration averred that defendant in error was possessed and in control of said street and sidewalk, December 30, 1903, and on said date kept and maintained the walk at said place in a dangerous and obstructed condition for persons traveling thereon, by placing plank thereon longitudinally with said walk and fastening the same together with cross-pieces on the surface of said plank, thereby making uneven surfaces on said walk by reason of said cross-pieces projecting above said plank. The second count is the same, in substance, as the first count with the additional averment that defendant after reasonable notice failed to put said walk in a reasonably safe condition, and that plaintiff in error was thereafter injured while traveling thereon with reasonable care for her safety.

The evidence for the plaintiff in error tended to prove the causes of action set out in her declaration; that the plank and the said cross-pieces had been on said walk for six weeks prior to her injury and were placed there for a driveway over the walk and to protect the walk there which was being used as a crossing for teams and wagons hauling wreckage from the buildings being wrecked at said place by contractors; that said planks were three inches thick and that said cross-

pieces were two inches thick and four inches wide, and extended about the entire width of the walk, and were placed about one inch inside the ends of the plank on the walk to mark the limits of the driveway to the wreckage; that on the day of her injury appellee walked along and over the driveway and stumbled and fell over one of the two cross-pieces and injured herself by reason of said cross-piece and the plank making the uneven surface as aforesaid; that it was a cold, snowy day with a strong wind blowing at the time she fell, and that she was not in the habit of passing there, and had not passed there for many months prior to her injury; that she did not live in that neighborhood and knew nothing of the plank or cross-pieces there prior to her injury and knew nothing about the building there being wrecked prior to her fall, and that defendant in error licensed the contractors to build said driveway in writing. The evidence for the defendant in error tended to show that the cross-pieces were five or six inches wide and from seven-eighths to one and one-fourth of an inch in thickness and were made from flooring taken from the building being wrecked at that point.

Plaintiff in error complains of the court's giving the following instructions asked by defendant in error, to-wit:

"No. 8.  You are instructed that the city is not bound to construct its sidewalks at any particular height or width, nor of any particular material; nor according to any particular method of construction, nor to have adjoining sections of its walks meet on the same level.  Its duty under the law in this regard is only to use ordinary care to keep its sidewalk in a reasonably safe condition for ordinary travel thereon by persons in the exercise of reasonable care and caution for their safety; and unless you believe from a preponderance of evidence that there was a violation on the part of the city of such duty, and that the alleged accident was approximately caused by reason

thereof, then you should find the defendant, City of Chicago, not guilty.''

"No. 13. That while the municipality is required by law to use ordinary care to keep its streets and sidewalks reasonably safe for public travel thereon, still persons traveling on the public streets are bound to take notice of the fact, if it is a fact, that the streets and sidewalks in front of buildings in the process of erection, or tearing down, are more or less obstructed, and if the jury find from the evidence in this case that the sidewalk in question was so obstructed, and if they further find that the plaintiff failed to take notice of said obstruction, and in failing to do so, she did not exercise ordinary care for her own safety and welfare, they should find the defendant, City of Chicago, not guilty.''

Said instruction No. 8 is not applicable to the case in hand. Neither the mode, nor the plan of construction, nor the height, nor the width, nor the material with which the walk was constructed by the city, is complained of by plaintiff in error as being dangerous or unskilfully constructed. The thing complained of is the temporary obstruction placed on the walk by permission of the city as a crossing for hauling wreckage, and not at a public crossing of two streets. The obstruction, as it lay, presented two different heights in close proximity, one three inches, and the other five inches, above the level of the actual walk. It was not built for the special convenience of pedestrians, but for a crossing for teams and wagons and as a protection to the walk built by the city. It was an obstruction to foot passengers which they had to climb over. The cross-pieces in particular were obstructions as to pedestrians, and not intended as any portions of the walk, and within themselves were mere notices to foot travelers, when they saw them, reading, "Obstruction! Step over." The contention of defendant in error on the argument really is that plaintiff in error was duty bound to see these obstructions and avoid them.

We think it was clearly a case for the jury to determine from the evidence the question of negligence of the city in maintaining these obstructions, as well as the question of contributory negligence of plaintiff in error, and without any suggestions with reference thereto by the court.

Instruction No. 13 was erroneous because it invaded the province of the jury, and for the further reason that it required plaintiff in error to anticipate the negligence of the city, and of which she had no notice whatever.  Vocke v. City of Chicago, 208 Ill. 192.

The court, in substance, told the jury in said instruction that plaintiff in error was bound to take notice of the fact that the street there was obstructed, and the jury were thus instructed, regardless of the fact that she testified that she knew nothing of the obstructions or of the fact the building there was being wrecked. The jury were bound to render a verdict for defendant, if they gave heed to the instruction, and to instruction No. 9, which was subject to the same objection.

Instruction No. 8 was misleading, because not applicable to the facts in hand.  A city is liable for injuries caused by dangerous obstructions on its walks and for failure to construct and maintain its walks in accordance with its plan of construction.  City of Chicago v. Carlson, 138 Ill. App. 582; City of Chicago v. Reid, 141 Ill. App. 514.  The cases of City of Chicago v. Bixby, 84 Ill. 82, and Healy v. City of Chicago, 131 Ill. App. 183, have no application to this case.

The court properly modified plaintiff in error's instruction No. 4.  For the errors indicated the judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*