## Alice L. O'Brien, Plaintiff-Appellant, v. Jimmy Ross Howe, Defendant-Appellee.

### Gen. No. 10,339.

Third District.

May 16, 1961.

Rehearing denied June 12, 1961.

Livingston, Barger & Brandt, of Bloomington, for appellant.

Dunn & Dunn, of Bloomington (Richard T. Dunn and Frank M. Brady, of counsel) for appellee.

REYNOLDS, J.

The sole question raised by this appeal is the adequacy of a judgment in favor of the plaintiff in the amount of $1200.00 for damages sustained by the plaintiff when she was injured in a collision between her automobile and one driven by the defendant. The plaintiff claims the jury's award of damages is gross-

ly inadequate, while the defendant's position is that the plaintiff was compensated for damages resulting from the accident and that the jury was justified in concluding that other out-of-pocket expenses, pain and suffering of which she complained were not attributable to the accident.

The abstract contains only the plaintiff's evidence relating to her injuries and that of the doctors who treated or examined her. Plaintiff's exhibits showing expenses incurred and damages were listed in the abstract but not itemized. These exhibits show that plaintiff has paid or became liable for the following: Brokaw Hospital $181.65; Dr. McNutt $25.00; Dr. Parker $280.00; Dr. Barringer $20.00; Walgreen Drug Store $782.58; Dr. Ross $31.00; Zimmer Manufacturing Company $12.91; Hildebrandt Drug Store $15.24; Paxton's Typewriter Company $42.00. These items total $1390.38. The plaintiff's car was damaged and although the repair estimate of one company based on used parts is $176.20, if the plaintiff was entitled to damages for her car she is entitled to repair with such parts as are necessary to put the car back in the condition it was before the collision. Another company estimated the cost of repairs with new parts at $399.95: Taking the two estimates and averaging them, the repairs to the car would cost $288.07. Adding this to the medical, hospital and other expenses would total $1678.45. But the defendant claims that some of these expenses were not connected with her injuries and cites $75.00 for Bufferin, $42.00 for dictaphone rental and a duplication of one X-ray bill of $10.00 Taking these items together and conceding that they were not connected with her injuries they would only total $127.00, leaving an out-of-pocket expense of the plaintiff of $1551.45. Bufferin is widely known as a pain reliever and since Dr. Parker found weakness and muscle spasm, Dr. Wright found pain in the region

of the right shoulder and loss of sensation in the hand and forearm, and Dr. McNutt ordered medicine for relief of pain and muscle spasm, it would seem that the $75.00 spent by the plaintiff for Bufferin could easily be justified as an expense connected with the accident.

Defendant relies upon Dr. Parker's testimony that he found no fracture, no paralysis, no impairment of nerves and no permanent disability. Dr. Parker did testify that there was a noticeable weakness in plaintiff's neck muscles and spasm in the area where the shoulder joins the neck, and he and the other doctors prescribed drugs and medications to relax the muscle spasm and relieve pain. If there was muscle spasm and pain and a weakness in the neck muscles where the shoulder joins the neck this would be an element of damages for the jury to consider, in addition to the actual out-of-pocket expenses incurred by the plaintiff.

It is the opinion of this court that this case falls squarely within the rule as laid down in the case of Stroyeck v. A. E. Staley Mfg. Co., 26 Ill. App. 2d 76, 167 N.E.2d 689, where the court in that case, at page 86, quoting I.L.P. Damages, Sec. 162, said:

> "The courts are reluctant to interfere with the discretion of the jury as to the amount of damages to be awarded, and ordinarily will not overturn the jury's finding for inadequacy of its award unless the award is palpably inadequate or against the manifest weight of the evidence.
>
> . . .
>
> "However, an award cannot be upheld where serious injuries are sustained and a small or a nominal amount is awarded, especially where the injuries are permanent; *or where the plaintiff has been injured and has also incurred expenses as a result*

*of the injuries, and an award is made for less than the amount of the expenses.* (Emphasis supplied)."

And the court in that case cited a number of cases where the reviewing court overturned the award made by the jury where the proven out-of-pocket expenses were greater than the jury award. Avrams v. Fuller, 325 Ill. App. 694, 60 N.E.2d 644; Hong v. Williams, 6 Ill. App. 2d 456, 128 N.E.2d 655; Browder v. Beckman, 275 Ill. App. 193.

Here in the instant case the jury found the liability question against the defendant. Having resolved the liability question, it was the duty of the jury to determine the amount of damages in accordance with the elements set out in Plaintiff's Instruction No. 1, which included "all moneys which the plaintiff had necessarily become liable to pay, if any, being treated for such injuries; all bills and expenses which the plaintiff may incur or become liable to pay in the future." By the jury's verdict for $1200.00 for the plaintiff, it is clear that the jury did not take into consideration the actual out-of-pocket expenses of the plaintiff, growing out of her injuries and certainly did not consider any expenses she might incur or become liable to pay in the future.

Defendant relies on the case of Grantham v. York, 26 Ill. App. 2d 278, 167 N.E.2d 804, which is somewhat similar to the facts in this case. In that case, as in this case, the car in which the plaintiff was riding was struck in the rear by a car driven by the defendant and the plaintiff was injured. In that case the plaintiff proved out-of-pocket expenses of $429.61 and the award of the jury was for $750.00. In that case, the question of loss of wages, which does not appear in this case, was the deciding factor. The jury allowed the plaintiff for loss of four weeks wages instead of the ten or eleven weeks she claimed to have

lost. And the court stated on review that the jury "probably concluded that the plaintiff was able to return to work after an absence of four weeks." There, it was a question of fact for the jury to determine. The case Hulke v. International Mfg. Co., 14 Ill. App. 2d 5, 142 N.E.2d 717, cited by the defendant involved the determination of the amount of damages for personal injuries and is not in point here. Here, the evidence of out-of-pocket expenses of the plaintiff was not in dispute and amounted to more than $350.00 over the amount awarded to the plaintiff. Determination of the plaintiff's out-of-pocket expenses, without allowing her anything for permanent injury, pain or suffering, was merely a matter of calculation or addition, and the jury's calculation or addition on this point is palpably erroneous and inadequate.

The jury determined the question of liability, holding the defendant liable. It then became the duty of the jury to properly assess the proven damages, not only the out-of-pocket expenses, but every proper element of damages sustained by the plaintiff. This, the jury failed to do. There is nothing in the record to indicate that the verdict of the jury was a compromise. But, whatever the reasoning of the jury, the damages assessed are inadequate.

The judgment is reversed and the cause remanded for a new trial as to damages only.

Reversed and remanded.

CARROLL, P. J. and ROETH, J., concur.