FENTON M. RYAN, Plaintiff-Appellant, *v.* JULIUS R. HOFFMAN, JR., Defendant-Appellee.

(No. 71-225; ▇▇▇▇▇▇▇▇▇▇

Second District—October 13, 1972.

Charles A. Sheridan and Kenneth R. Shorts, both of Waukegan, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff was driving home from work on May 5, 1969. He came to a stop on a divided four lane highway behind other cars waiting for a car in the process of making a left turn. Plaintiff's car was struck in the rear by the vehicle driven by the defendant.

Plaintiff was injured, driven to the hospital in an ambulance and returned to his home the same night. His doctor bill was approximately $170 and his medical bill $147. He contended he lost four weeks salary, totalling $816, as a result of his injuries.

The suit was tried before a jury and the jury found for the plaintiff and awarded him $1000 damages. Plaintiff appeals.

The sole question is whether the verdict is so inadequate as to warrant a new trial or a new trial on the issue of damages alone.

The plaintiff had been previously involved in an automobile accident in 1949 and had had a spinal fusion in 1955. In 1965 he had injured his shoulder while at work.

The evidence herein consists primarily of the testimony of the plaintiff as to his subjective symptoms and the testimony of the doctor as to the probability of prospective surgery based on those subjective symptoms. The plaintiff testified that the accident occurred May 5, 1969, and that he returned to work on June 2 or 3 of 1969. Interestingly, there is no direct testimony that the plaintiff did not work during that four week period because of his injuries received in this accident.

The plaintiff was not hospitalized and the treatment prescribed primarily consisted of muscle relaxants, a cervical collar, and a back brace. ■■ We start with the basic premise that the reviewing court will not overturn the finding of the jury as to the adequacy of the damages, unless the amount awarded is palpably inadequate. Counsel for the plaintiff has cited a number of cases in which the reviewing court in considering the factual situation in each of those cases has found the damages to be palpably inadequate. *Stroyeck v. A. E. Staley Manufacturing Co.* (1960), 26 Ill.App.2d 76, 167 N.E.2d 689; *O'Brien v. Howe* (1961), 30 Ill.App.2d 419, 174 N.E.2d 905; *Kelly v. Reynolds* (1971), 132 Ill.App. 2d 1098, 271 N.E.2d 370; *De Freezer v. Johnson*, (1967), 81 Ill.App.2d 344, 225 N.E.2d 46; *Lukich v. Angeli* (1961), 31 Ill.App.2d 20, 175 N.E.2d 796; *King v. City of Chicago* (1964), 53 Ill.App.2d 484, 202 N.E.2d 839; *Yep Hong v. Williams* (1955), 6 Ill.App.2d 456, 128 N.E.2d 655.

■■ We do not think that those cases apply to the factual situation we find in the case before us. Here we have a man injured who is not hospitalized; who has had prior injuries; who has no objective but solely subjective symptoms; and whose medical expenses are $317. He testified merely that he did not work for 29 days, but no testimony that his injuries prevented him from working. His doctor, based upon the subjective evidence related to him by the plaintiff, testified that there was no evidence related to him by the plaintiff that would indicate that he had any pain prior to this, his third accident. Based upon that, the doctor concluded that it would be his recommendation that the plaintiff have a "repeat fusion" and that there might or could have been a causal connection from the instant accident resulting in the pain related by the plaintiff.

Quite frankly, the jury simply did not believe the testimony of the plaintiff nor did they believe the testimony of the doctor based on the subjective symptoms related to the doctor by the plaintiff. Likewise, the jury apparently did not believe, nor was there testimony, that the time lost from work was as a result of the injuries herein sustained. There is no evidence that the verdict of $1000 resulted from passion or prejudice or was a compromise verdict as it does in fact cover the medical expenses and an additional amount for pain, suffering, and loss of wages.

■■ We have repeatedly said that we will not substitute our judgment for that of the jury on the issue of damages where there is a conflict or lack of evidence. *Steele v. Brown* (1963), 43 Ill.App.2d 293, 193 N.E.2d 352.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.