MARY DOLAN *et al.*, Plaintiffs-Appellants, *v.* CATHERYN CRAMMOND, Defendant-Appellee.

Second District   No. 78-186

Opinion filed April 27, 1979.

Edward L. Miner, of Graves, Greenwald, Maier & Miner, of Rockford, for appellants.

Bruce C. Erickson and Bernard J. Natale, both of Mateer & Erickson, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

On May 14, 1973, plaintiffs, Mary Dolan and her minor daughter, Judy Dolan, were involved in an automobile collision with defendant, Catheryn Crammond. Thereafter, plaintiffs brought suit against defendant for personal injuries they suffered as a result of the collision. A jury trial was commenced; at the close of all the evidence a verdict was directed in favor of Judy Dolan. The jury returned a verdict in favor of Mary Dolan; Mary Dolan was awarded $3000 in damages and Judy Dolan was awarded $120 in damages. Plaintiffs appeal, asking for a new trial on the issue of damages, on the grounds that the damage awards were grossly inadequate due to various prejudicial errors which occurred during the course of trial.

In addition to her testimony relating to the automobile collision in this case, Mary Dolan also testified that in 1971 she injured her back while working at a nursing home, and also in 1971 she was in an automobile accident in which she suffered a neck injury; that same year she had a spinal fusion operation that was not completely successful, necessitating a second such operation in February of 1973. From the present collision she suffered pain in her back, neck and leg. In December of 1973 she slipped and fell on the stairs and caused pain to her lower back and in March of 1974 she twisted her back getting out of bed. In 1975 she was in another automobile accident, which resulted in "very slight" neck pain, but none with respect to her back. There was testimony that Judy Dolan suffered a back and neck sprain as a result of the collision here. She also testified that

she had neck and back problems from an automobile accident in 1971.

Plaintiffs contend first that the trial court erred in refusing to give plaintiffs' instruction No. 15 pertaining to proximate cause. Plaintiffs had tendered the following instruction:

"When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.]"

Instead, the trial court gave defendant's instruction No. 10 which like plaintiffs' tendered instruction was based on Illinois Pattern Instructions, Civil, No. 15.01 (2d ed. 1971) (hereinafter IPI), but which left out the portion shown in brackets in plaintiffs' instruction.

Plaintiffs argue that there was considerable testimony at trial with respect to prior injuries and subsequent aggravations experienced by Mary Dolan, and the instruction requested by plaintiffs would have assisted the jury in properly analyzing the medical and legal relevance of the prior and subsequent injuries and aggravations.

■■ We hold that the trial court properly refused the instruction tendered by the plaintiffs. The notes following IPI Civil No. 15.01 (2d ed. 1971) state as follows:

"This instruction in its entirety should be used only when there is evidence of a concurring or contributing cause to the injury or death (other than acts or omissions of the plaintiff). In cases where there is no evidence of a concurring or contributing cause, the short version without the bracketed material should be used."

Here there was no evidence of a concurring or contributing cause in this particular collision.

In *Budovic v. Eschbach* (1953), 349 Ill. App. 163, 167, 110 N.E.2d 477, 480, the reviewing court held that the trial court did not err in refusing an instruction similar to the one tendered by plaintiffs in the case before us, because under the facts of the case, "* * * the negligence of the defendant would have to be the sole cause of the injury to the plaintiff, because he was the only one involved in driving the car, and there can be no other cause acting at the same time or in combination of which might cause the plaintiff's injury." See also *Butler v. Palm* (1962), 36 Ill. App. 2d 351, 184 N.E.2d 633.

The proximate cause instruction deals with the cause or causes, *i.e.*, conduct, that produce the plaintiff's injuries sustained at the time of the collision. The relevance and relationship of prior and subsequent injuries sustained by a plaintiff in a case such as this are partly dealt with by IPI Civil No. 30.01 (2d ed. 1971), which was given at the plaintiff's request

and which provides for the measurement of damages where there is evidence of an aggravation of a preexisting ailment or condition (see IPI 2d Civil Nos. 30.01, 30.03 (2d ed. 1971). (See *Pozzie v. Mike Smith, Inc.* (1975), 33 Ill. App. 3d 343, 347, 337 N.E.2d 450, 453, and *Balestri v. Highway & City Transportation, Inc.* (1978), 57 Ill. App. 3d 669, 675, 373 N.E.2d 689, 693.) In such a case it is appropriate to further instruct by IPI Civil No. 12.05 (2d ed. 1971), which provides that if the jury determines the defendant was negligent and such negligence was a proximate cause of plaintiff's injury, it is not a defense that something else may have also been a cause of the injury. (*Perfect v. Kaley* (1970), 130 Ill. App. 2d 61, 64, 264 N.E.2d 430, 433.) In this case, however, only IPI Civil No. 15.01 (2d ed. 1971) in the long form was tendered by the plaintiff, and this was properly refused.

Next, plaintiffs contend that the trial court erred in denying plaintiffs' motion to strike the cross examination testimony contained in the evidence deposition of Dr. Behr, plaintiffs' physician, which was admitted at trial. At a hearing on the motion, counsel for plaintiffs revealed that on October 13, 1977, he had conducted an evidentiary deposition of Dr. Behr, at which time counsel for the defendant conducted an extensive cross-examination involving Dr. Behr's records and the records of the Rockford Clinic; further, that on the following day he received a copy of a letter dated October 7, 1977, addressed to the Rockford Clinic containing a copy of a subpoena served by defense counsel on the Rockford Clinic on October 11, 1977, calling for the production of those records on the date of the deposition. Counsel for plaintiffs argued that the records were obtained without the giving of proper notice, and that he was prejudiced in not having been given notice of what records defense counsel received at that time. Defense counsel stated that the letter was to have been sent out well in advance of the deposition date, and that the reports he reviewed in the files had been examined by him through previous discovery. The trial court while admonishing defense counsel concerning the notice requirements, failed to find any prejudice to plaintiffs, as plaintiffs' counsel could have examined the reports at any time prior to trial, and that it was normal for the doctor to bring these reports with him. The trial court therefore denied plaintiffs' motion to strike.

■ We agree with the finding of the trial court and hold that no error occurred in denying plaintiffs' motion to strike the cross examination testimony of Dr. Behr.

Next, plaintiffs contend that a new trial on the issue of damages should be granted due to several instances of alleged improper conduct on the part of defense counsel. It would unduly prolong this opinion to discuss each instance individually. Suffice it to say, the instances

complained of all concern questions or remarks by defense counsel relating to injuries to plaintiff Mary Dolan's back or neck which occurred prior to or subsequent to the injuries involved in the case before us. Mary Dolan contends that she was unduly prejudiced in that defense counsel, through these alleged improper questions and remarks, was able to plant a seed in the jury's minds that Mary had aggravated her back on several occasions; and further that she was being cast as a malingerer and litigation prone through the introduction and emphasis of the totally irrelevant fact that she had filed a workmen's compensation claim with respect to a 1971 injury.

■■ It has been held that the mere putting of a question which conveys to the jury improper information and which tends to render the trial unfair, should ordinarily entitle the opposing party to a new trial. (See *Morse v. Michaelson, Rabig & Ramp* (1968), 101 Ill. App. 2d 366, 372, 243 N.E.2d 271, 274.) Prejudice to the rights of a litigant may result from the injection of questions not germane to the issue. (*Duff v. Ewing* (1965), 60 Ill. App. 2d 382, 208 N.E.2d 320.) However, prior injuries, as they relate to litigant's present state of health are an appropriate subject of inquiry; the series of questions as a whole must be considered rather than a single question taken out of context. *Duff v. Ewing.*

We have carefully examined the record in connection with the instances cited to us by plaintiffs and find this case factually distinguishable from *Morse*, *Duff* and the other cases relied on by plaintiffs. Many of plaintiffs' objections to questions put by defense counsel were sustained; and more than once the trial court admonished the jury to consider the evidence, not the comments of counsel. The trial court held hearings during trial out of the presence of the jury, on proposed questions regarding Mary Dolan's past and subsequent injuries, at which counsel for both sides presented arguments. Particularly, concerning the testimony relating to the workmen's compensation claim, the trial court, after hearing arguments from both sides, permitted defense counsel to inquire briefly concerning the claim but on the basis that defense counsel would tie the matter up with additional testimony.

■■ While we would have preferred a stronger showing of relevancy as to some of the questions asked, and a more definite "tying in" of the workmen's compensation claim with the additional evidence would have been desirable, the trial judge who presided over the trial and the hearings was satisfied that plaintiffs suffered no undue prejudice so as to deprive them of a fair trial. Given the advantageous position of the trial court for deciding such matters, we hold that defense counsel's conduct did not deprive plaintiffs of a fair trial.

Finally, it is contended that the damage awards to both plaintiffs are inadequate. A reviewing court will not overturn the finding of the jury as

to the adequacy of the damages, unless the amount awarded is palpably inadequate. *Ryan v. Hoffman* (1972), 7 Ill. App. 3d 621, 288 N.E.2d 255.

■■ Judy Dolan was awarded $120, the amount of her medical bills. Judy testified that she went to a chiropractor four times for treatment; she saw Dr. Behr once and took warm baths and used a heating pad; she missed no school following the incident here. Her principal complaint at the time of trial was that she could not lift heavy objects or play ball at school; however, she had had problems playing ball before the present incident because of injuries she received in an automobile accident in 1971. On the basis of the evidence we will not disturb the jury's damage award to Judy Dolan. Compare *Bledsoe v. Amiel* (1978), 57 Ill. App. 3d 54, 372 N.E.2d 1033.

Mary Dolan was awarded $3000 in damages, which it is argued is inadequate in light of the testimony concerning her injuries in the present case. She does not contend that the jury's award failed to cover her medical expenses, but rather that she was not adequately compensated for pain and suffering.

■■ Considering that Mary Dolan was not hospitalized immediately following the incident here, her testimony that at the time of this incident she was on leave of absence from work and her time off of work was not related to this incident, and the subjective nature of her symptoms, we will not substitute our judgment for that of the jury. See *Ryan v. Hoffman.*

Therefore, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

SEIDENFELD and NASH, JJ., concur.