NELLY SIDOREWICZ, a Minor, by Heide Sidorewicz, her Mother and Next Friend, Plaintiff-Appellant, *v.* DR. JOHN KOSTELNY, M. D., Defendant-Appellee.

First District (5th Division)    No. 80-2704

Opinion filed December 28, 1981.

Lawrence Jay Weiner and Fredric Bryan Lesser, both of Lawrence Jay Weiner & Associates, and Goldberg & Goldberg, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Lenard C. Swanson and Kay L. Schichtel, of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a jury verdict in favor of defendant in which plaintiff had alleged malpractice. On appeal, she asserts that (1) the trial court erred in preventing her counsel from discussing the anticipated instructions with the jury; (2) reversible error was committed when defendant's counsel stated to the jury that the court's failure to direct a verdict against defendant meant that his admission of fault was not an admission of medical malpractice; and (3) reversible error was committed when defendant's counsel implied that defendant was not insured. A complete recitation of the facts is not necessary here as plaintiff claims no error up until closing arguments.

On November 17, 1976, Nelly Sidorewicz filed a complaint against defendant, an obstetrician and gynecologist, alleging that he had negligently provided medical care to her during her birth, which resulted in an injury to her right brachioplexis.

The day before closing arguments, defense counsel presented a motion *in limine* restricting the attorneys from implying insurance was or was not involved in this matter.

Closing arguments were held on July 17, 1980, and the following colloquy occurred between plaintiff's counsel and the trial court:

"MR. GOLDBERG: * * *

Our burden isn't like in a criminal case where it has to be beyond a reasonable doubt.

THE COURT: I will instruct the jury on the law.

MR. GOLDBERG: I believe the Court will tell you it's more probable true than not. That simply means—you recall the scales of justice—

THE COURT: I will instruct the jury on the law.

MR. GOLDBERG: I'm just describing the scales of justice. I'm not—

We have to meet a burden, and it is the type of decision that you and I make every day. It's the type of decision that we're asking, under the circumstances, you to follow. It simply means, for example—

THE COURT: I will instruct the jury on the law, and you won't tell them what it means. That's the third time, and I don't want you to proceed.

MR. GOLDBERG: All right. Now, with regard to the plaintiff's burden of proof, there are three things that we have to prove. One is that the defendant is negligent; and I will get to that in a moment.

The second thing is that there are injuries, and the third thing is what is known as proximate cause.

Now, there is uncontradicted testimony, uncontradicted, that the injury is a brachioplexus injury. So, that's one element that's proven already.

The next is we have to prove what's known as proximate cause, that the cause was the conduct, the negligence of Dr. Kostelny brought about the injury.

All of the doctors in this case that have testified, Dr. Kostelny himself included on Section 60, Dr. Miller, Dr. Dodson, all of them have said that if the Cesarean section had been done, the shoulder dystocia and the brachioplexus injury would not have been present.

Now, ladies and gentlemen, a cause simply means that there can be more than one; and you can have a series of acts or events that give rise to it.

THE COURT: Counsel, I don't want you telling the jury what you think the law means. I will instruct the jury on the law.

MR. GOLDBERG: Yes, your Honor."

Defense counsel commented to the jury during his closing argument that:

"If during this closing statement I appear to you to be nervous and a little jumpy I'll tell you honestly, it's because I am. And I think you can see now that this lawsuit against Dr. Kostelny is a very serious matter.

Dr. Kostelny has just been asked by the plaintiff to have a verdict against him of some $385,000. And as I believe he takes his patients seriously, I as a lawyer try, and I know I have taken my client seriously. And for that reason, I tell you, I'm a little bit jumpy right now."

And finally, plaintiff claims error in defense counsel's response regarding defendant's admission of fault:

"MR. GOLDBERG [plaintiff's counsel]: At some point after the delivery, Dr. Kostelny went up to Mr. Sidorewicz and had a conversation with him. And what did he say? Dr. Kostelny said to Mr. Sidorewicz, 'Mr. Sidorewicz, there is a problem with the baby. I'm sorry; it was my fault. I should have done a C-section. If I had done it, there wouldn't be any problem. But let's pray to God the baby will be all right. Just don't tell your wife right now.'

Thereinafter, the next day, he talks to Mrs. Sidorewicz. And what does he say to her? 'Mrs. Sidorewicz, I'm sorry. The baby had a

problem. It was my fault. I should have done a C-section. I knew it was going to be a large baby. If I had done it, this wouldn't have happened.'

Now, ladies and gentlemen, Dr. Kostelny, I'm sure, didn't intend the harm. But nevertheless, the point is that when he got on the witness stand, Dr. Kostelny, when I asked him about fault, said —I said, 'Did you say anything to them about fault?' He said, 'Well, it couldn't have been anybody else's fault. I was the man in charge. The decisions were mine, so who could I blame? It was my fault.'

✳ ✳ ✳

MR. SWANSON [defense counsel]: ✳ ✳ ✳

I can assure you if that statement were in any way an admission of medical malpractice, this Court has the power and the duty to direct a verdict against Dr. Kostelny and not even let you folks decide it. I think you could safely assume that that has not been done in this case and that question is for you to decide whether there is malpractice on what he did before and at the time of delivery."

After a verdict in favor of defendant was returned, the court entered judgment for him and plaintiff subsequently moved for entry of a judgment *n.o.v.*, which was denied. This appeal follows.

OPINION

Our initial consideration is whether the trial court committed reversible error when it prevented plaintiff's counsel from discussing the anticipated instructions with the jury. We believe it has.

■■ We have held that in closing argument, counsel for the parties are permitted to state their belief as to the anticipated instructions and develop their arguments in accordance with these instructions. (*Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347; Ill. Rev. Stat. 1979, ch. 110, par. 67(3).) Unless such remarks are misleading, counsel has a right to express his belief concerning the content of the court's instructions during closing argument. *People ex rel. Paul v. Harvey* (1972), 9 Ill. App. 3d 209, 292 N.E.2d 124.

■■ In the pending case, the court interrupted plaintiff's counsel's argument *sua sponte* several times. Nothing in the record regarding counsel's argument at the time of the interruption indicates that those remarks were going to be misleading. There had previously been an instruction conference and plaintiff's counsel should have been allowed to develop his argument in accordance with those instructions. Just as this was error in *Martin*, where counsel was interrupted before she could complete her explanation as to what she believed the law to be, in the instant case, the

court's ruling prejudiced plaintiff's case as she was not able to place the facts of the case within an appropriate framework from her perspective. We hold it was error sufficient enough to necessitate reversal.

Discussion of plaintiff's other contentions are not necessary in light of our ruling that the trial court improperly restricted plaintiff's counsel's final argument, and based on our belief that these alleged errors will be cured by a new trial.

For the foregoing reasons, we reverse and remand this matter for a new trial and for such other proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.