CATHERINE LOUNSBURY, Plaintiff-Appellant, *v.* DR. DIONISIO YORRO, Defendant-Appellee.

Second District No. 2—83—454

Opinion filed June 1, 1984.

Gary K. Laatsch, of Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, of Chicago, for appellant.

William J. Rogers and David S. Rees, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Catherine Happ Lounsbury, sued defendants Dr. Dionisio Yorro and St. Therese Hospital in the circuit court of Lake County for negligent medical treatment of plaintiff. Summary judgment was entered for St. Therese, and the case proceeded to trial against defendant Dr. Yorro. As the issues on this appeal relate to closing argument and the court's refusal to give a tendered instruction, it is unnecessary to belabor this opinion with the evidence adduced at trial. The jury returned a verdict for defendant, and the trial court entered judgment on the verdict. Plaintiff's post-trial motion was denied and she appeals.

Plaintiff raises two issues on appeal: (a) whether reversible error occurred when the trial court prevented plaintiff's attorney from commenting on the criminal standard of proof during closing argument and (b) whether the trial court erred in failing to instruct the jury on the definition of proximate cause tendered by the plaintiff.

Early in the closing argument of plaintiff's counsel, the following colloquy occurred:

> "MR. LAATSCH [Plaintiff's attorney]: ***In respect to the burden of proof, I would encourage you to note that I do not have to prove my case beyond a reasonable doubt, which is the criminal standard. And the standard—
>
> MR. ROGERS [Defendant's attorney]: Your Honor, I object. He is talking about criminal matters.
>
> THE COURT: Sustained.

MR. LAATSCH: It is only necessary that I prove my burden in terms of it being more likely true than not true.

MR. ROGERS: I have to object to that part.

THE COURT: Sustained.

MR. LAATSCH: In other words, if you were to imagine the scales of justice, if you weighed the evidence on the one scale on behalf of the Defendant, and on the other scale on behalf of the Plaintiff, if it tilts—

MR. ROGERS: Excuse me, Your Honor. Objection.

THE COURT: Let me see both of you, please.

\* \* \*

MR. LAATSCH: I don't have to prove my case beyond a reasonable doubt.

MR. ROGERS: I object.

THE COURT: Sustained."

On appeal plaintiff contends that there was nothing in the closing argument that was misleading. An attorney in a civil case should be entitled to ensure that the jury will not hold his client to the criminal standard of proving his case "beyond a reasonable doubt." She maintains that other than the maxim "innocent until proven guilty" there is no other adage more familiar to a lay person than that of proof beyond a reasonable doubt. Plaintiff points out that jury instructions at one time expressly differentiated between criminal and civil cases in terms of burden of proof. (*Arndt v. Riverview Park Co.* (1930), 259 Ill. App. 210.) Plaintiff contends that reference in closing argument to the scales of justice and burden of proof is basic trial technique and perfectly illustrative of what is meant by the burden of proof in civil cases. The repetitious interruption of plaintiff's argument indicated that the court would not tolerate anything other than a rote and verbatim statement of an instruction. Plaintiff concludes that the trial court ruling was contrary to the law and prevented plaintiff from expressing her belief concerning the content of other important instructions. She was unable to place the facts of her case within the framework and perspective of the applicable law contained in the court's instructions and specifically approved in *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430 N.E.2d 377.

It is the exclusive province of the trial court to instruct the jury as to the law, and it is not the function of counsel to do so. (*Vocke v. City of Chicago* (1904), 208 Ill. 192; see *Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363; *Coyne v. Avery* (1901), 189 Ill. 378; *Chicago Consolidated Traction Co. v. Kinane* (1908), 138 Ill. App. 636.) However, attorneys can, and necessarily must, state what they

believe the law to be and base their arguments as to the facts on this interpretation. (*Vocke v. City of Chicago* (1904), 208 Ill. 192; *Coyne v. Avery* (1901), 189 Ill. 378; *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430 N.E.2d 377; *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347.) In order to give counsel the opportunity to develop their arguments in accordance with the instructions which will be given, a conference concerning instructions is held prior to final arguments. (*People ex rel. Paul v. Harvey* (1972), 9 Ill. App. 3d 209, 292 N.E.2d 124; see Ill. Rev. Stat. 1983, ch. 110, par. 2—1107.) So long as their remarks are not misleading (see *Northern Trust Co. v. Skokie Valley Community Hospital* (1980), 81 Ill. App. 3d 1110, 401 N.E.2d 1246), the attorneys have a right to express in closing argument their beliefs concerning the content of the anticipated instructions. *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430 N.E.2d 377; *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347; *People ex rel. Paul v. Harvey* (1972), 9 Ill. App. 3d 209, 292 N.E.2d 124.

■■■ While a trial court generally has broad discretion in ruling on the scope and character of argument to the jury (*Mohler v. Blanchette* (1982), 106 Ill. App. 3d 545, 435 N.E.2d 1161), the restriction of closing argument here was partially erroneous. As plaintiff's counsel knew from the instructions conference, the trial court was going to instruct the jury that, when a party has the burden of proof on any proposition, it meant that the jury would have to "be persuaded, considering all the evidence in the case, that the proposition on which [he] has the burden of proof is more probably true than not true." Illinois Pattern Jury Instruction (IPI), Civil, No. 21.01 (2d ed. 1971).) Consequently, plaintiff's attorney's comment that plaintiff only had to meet her burden "in terms of it being more likely true than not true" is a correct statement of law and in accordance with the instructions. Therefore, the objection to this remark should not have been sustained. (See *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430 N.E.2d 377; *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347; *People ex rel. Paul v. Harvey* (1972), 9 Ill. App. 3d 209, 292 N.E.2d 124.) Defendant's assertion that plaintiff's counsel misstated the law by saying "more likely true than not true" as opposed to "more probably true than not true" (IPI Civil No. 21.01), ignores the identical meaning of these two phrases. Further, as there is no indication that plaintiff's attorney's comment on the scales of justice incorrectly stated the law or was inconsistent with the instructions, the trial court erred in preventing counsel from concluding this remark. *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430

N.E.2d 377; *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347; *People ex rel. Paul v. Harvey* (1972), 9 Ill. App. 3d 209, 292 N.E.2d 124.

■ While plaintiff's attorney's remarks that the criminal standard of proof beyond a reasonable doubt was not applicable also represent a correct legal proposition (see *Arndt v. Riverview Park Co.* (1930), 259 Ill. App. 210), it does not necessarily follow that the argument is proper because it correctly states the law. (See *Hall v. Chicago & North Western Ry. Co.* (1955), 5 Ill. 2d 135, 151.) We conclude the argument is immaterial and raises extraneous issues which may confuse the jury particularly where the jury will be properly instructed by the court on the plaintiff's burden of proof. Argument regarding the criminal standard of proof beyond a reasonable doubt has no place in a civil action. See IPI Civil No. 21.01, Comment; see also *Selph v. Evanoff* (1970), 28 Mich. App. 201, 206-07, 184 N.W.2d 282, 285.

Plaintiff relies upon *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 430 N.E.2d 377, as authority for the propriety of advising the jury of the different burdens of proof in criminal and civil cases. Plaintiff's reliance is misplaced. The *Sidorewicz* court was not asked to pass upon the propriety of the specific argument regarding the criminal burden of proof. Rather, the court was asked to affirm the proposition that parties are permitted, in closing argument, to state their belief as to the anticipated instructions and to develop their arguments in accordance with the instructions so long as they are not misleading. The court found that the trial court's denial of the plaintiff's right to comment on the instructions prejudiced the plaintiff as she was not able to place the facts of the case within an appropriate framework from her perspective. *Sidorewicz v. Kostelny* (1981), 102 Ill. App. 3d 851, 854-55, 430 N.E.2d 377, 379.

No such denial occurred here. In the case at bar the court specifically approved the plaintiff's right to discuss the anticipated instructions with the jury. Thus, *Sidorewicz* is not helpful despite the fact that the excluded argument was substantially the same as in the instant case. The *Sidorewicz* court's resolution of the issue simply did not address the propriety of the substance of the instruction's argument at issue here.

■■ ■ We conclude the trial court did not err in circumscribing plaintiff's argument to the extent that reference to the criminal burden of proof of beyond a reasonable doubt was improper. (See IPI Civil No. 21.01.) Further, the erroneous suppression of plaintiff's argument regarding the burden of proof being persuasive that the plain-

tiff's proposition is "more likely true than not true" does not rise to the level of reversible error. We arrive at the same conclusion as to the erroneous exclusion of plaintiff's reference to the scales of justice. Trial error warrants reversal only if the error prejudiced the appellant or unduly affected the outcome of trial. (See *Chloupek v. Jordan* (1977), 49 Ill. App. 3d 809, 364 N.E.2d 650.) This is especially true where, as here, the appellant has not contended that the verdict was against the manifest weight of the evidence. (*Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 324 N.E.2d 34.) Any prejudice from the restriction of closing argument here was dissipated due to the fact that plaintiff's counsel was permitted to detail what elements the plaintiff was required to prove and ultimately did adequately explain the instruction that the judge would give the jury concerning the civil burden of proof. Consequently, the errors in the restriction of plaintiff's closing argument were harmless.

■ With regard to plaintiff's second issue concerning the trial court's refusal of plaintiff's tendered instruction on the definition of proximate cause, a party has the right to have the jury instructed on his or her theory of the case. (*Willhite v. Goodman* (1978), 64 Ill. App. 3d 273, 381, N.E.2d 68; *Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614.) While questions as to what issues actually have been raised by the evidence rest with the discretion of the trial court, the court must instruct the jury on all issues reasonably presented by the evidence. *Sherman v. City of Springfield* (1969), 111 Ill. App. 2d 391, 250 N.E.2d 537.

■ Over plaintiff's objection, the trial court instructed the jury that proximate cause meant "that cause which, in natural or probable sequence, produced the injury complained of." This instruction represents the short version of IPI Civil No. 15.01. Plaintiff had tendered the full version of IPI Civil No. 15.01, which defines proximate cause as "a cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." Plaintiff's theory, at trial and on appeal, for the giving of the full instruction was that the various factors which predisposed plaintiff to develop the medical condition which was the subject of this lawsuit concurred with or contributed to defendant's alleged negligence in producing plaintiff's injury.

The full version of IPI Civil No. 15.01 is appropriate only in cases where there is evidence that something or the acts of someone other than the plaintiff and the defendant were a proximate cause of the in-

jury; absent such evidence, the short version must be given. (*Lewis v. W.F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 390 N.E.2d 39; *Butler v. Palm* (1962), 36 Ill. App. 2d 351, 184 N.E.2d 633; IPI Civil No. 15.01, Notes on Use and Comment.) Plaintiff's argument that her predisposing factors could be viewed as contributing causes is understandable especially given the stress placed on these factors by defendant at trial. Further, there is some basis for the view that a contributing or concurring cause could be a simultaneous condition, *e.g.*, whether, as opposed to conduct on the part of a person. *Lewis v. W. F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 390 N.E.2d 39; see *Laukkanen v. Jewel Tea Co.* (1966), 78 Ill. App. 2d 153, 222 N.E.2d 584; IPI Civil No. 15.01, Comment.

However, this court has held that it is error to give the full version of IPI Civil No. 15.01 where the alleged other cause is a predisposition on the part of a plaintiff to sustain the particular injury. (*Lindsay v. Appleby* (1980), 91 Ill. App. 3d 705, 414 N.E.2d 885.) Reasoning that the proximate cause instruction deals only with the conduct which produced the plaintiff's injuries and does not relate to any prior or subsequent injuries (see *Dolan v. Crammond* (1979), 71 Ill. App. 3d 289, 389 N.E.2d 206), Lindsay holds that the entire version of the instruction is proper only where there is evidence of actions of another *person* which contributed to the injury. (*Lindsay v. Appleby* (1980), 91 Ill. App. 3d 705, 414 N.E.2d 885; see *Reuter v. Kocan* (1983), 113 Ill. App. 3d 903, 446 N.E.2d 882.) Under *Lindsay*, a plaintiff's predispositions are more appropriately addressed by giving the jury other instructions, *i.e.*, that if the defendant was negligent and his or her negligence was a proximate cause of the plaintiff's injury, it is not a defense that something else may also have been a cause of the injury and that aggravation of any preexisting ailment may be considered as an element of the plaintiff's damages. *Lindsay v. Appleby* (1980), 91 Ill. App. 3d 705, 414 N.E.2d 885; *Dolan v. Crammond* (1979), 71 Ill. App. 3d 289, 389 N.E.2d 206; see IPI Civil Nos. 12.05, 30.01, 30.03.

For the reasons stated therein we adhere to our opinion in *Lindsay* and conclude that it was not error for the trial court to exclude the bracketed clause in IPI Civil No. 15.01 in the instant case.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and HOPF, J., concur.